THE STATE EX REL. ANDERSON, APPELLANT, *v.* THE CITY OF VERMILION,

APPELLEE.

[Cite as *State ex rel. Anderson v. Vermilion,*

134 Ohio St.3d 120, 2012-Ohio-5320.]

*Public records—R.C. 149.43(A)(1)(v)—Information on itemized attorney-billing statements that was not protected by the attorney-client privilege should have been disclosed.*

(No. 2012-0943—Submitted November 14, 2012—Decided November 21, 2012.)

APPEAL from the Court of Appeals for Erie County,

No. E-10-040, 2012-Ohio-1868.

_____

**Per Curiam.**

{¶ 1}  Appellant, Jean A. Anderson, appeals from a judgment denying her request for a writ of mandamus to compel appellee, the city of Vermilion, Ohio, to provide copies of certain itemized billing statements for attorney services rendered to the city.  Because the city did not establish that the entirety of the requested statements are exempt from disclosure under the Public Records Act, we reverse that portion of the judgment of the court of appeals and remand the cause for further proceedings.  We affirm the portion of the judgment denying Anderson's request for an award of statutory damages and attorney fees.

**Facts**

{¶ 2}  Anderson served as the mayor of Vermilion from January 2006 through December 2009.  During her administration, the law firm of Marcie & Butler, L.P.A. ("Marcie & Butler") provided legal services to the city, and the firm's provision of services extended into the next mayor's term.  The new mayor, Eileen Bulan, appointed Kenneth Stumphauzer as the city's director of

law.  Stumphauzer's law firm, Stumphauzer, O'Toole, McLaughlin, McGlamery & Loughman Co., L.P.A. ("Stumphauzer & O'Toole"), billed the city over $27,000 for legal services provided during the first six weeks of the new mayor's administration.

**{¶ 3}**  Because she thought that the annual legal fees expended by the new administration would far exceed the fees incurred during her administration, Anderson made several records requests to permit public scrutiny of the city's expenditure of funds for legal services.  On May 25, 2010, Anderson personally delivered a written public-records request to the city's finance director for copies of certain records, including "all itemized billing statements received from Kenneth Stumphauzer, Stumphauzer & O'Toole, [and] Marcie & Butler, for January, February, March and April 2010."

**{¶ 4}**  The city acknowledged its receipt of Anderson's request but denied it on the basis that the requested legal bills are exempted from disclosure by the attorney-client privilege:

> [T]he detailed billing statements, describing the specific work performed for and advice rendered to the City by Stumphauzer O'Toole and any other lawyers rendering services to the City are covered by the attorney-client privilege.  In particular, bills submitted by Stumphauzer O'Toole to the City describe each matter with respect to which legal services were rendered, the dates on which such legal services were rendered and the specific tasks performed.  As a result, we cannot agree to provide you with those detailed itemized billing statements.

**{¶ 5}**  In September 2010, Anderson filed a petition in the court of appeals.  Anderson sought a writ of mandamus to compel Vermilion to provide

copies of the nonexempt portions of the requested itemized attorney-billing statements. Anderson also requested an award of statutory damages and attorney fees. The court granted an alternative writ, and the city submitted an answer to the petition. Anderson filed a motion for summary judgment, and the city filed a brief in opposition. The court of appeals granted Anderson's motion for an in camera review of the requested attorney-billing statements, and the city filed the statements under seal.

**{¶ 6}** On April 25, 2012, the court of appeals denied Anderson's motion for summary judgment, granted summary judgment in favor of Vermilion, and denied the writ.

**{¶ 7}** This cause is now before the court on Anderson's appeal as of right.

### Analysis

*Summary Judgment*

**{¶ 8}** The court of appeals denied Anderson's motion for summary judgment and, in essence, granted summary judgment in favor of Vermilion by determining that "there remains no genuine issue of material fact and [the city] is entitled to judgment as a matter of law." 6th Dist. No. E-10-040, 2012-Ohio-1868, ¶ 13. *See also Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 17 ("When a party moves for summary judgment, the nonmovant has an opportunity to respond, and the court has considered all the relevant evidence, the court may enter summary judgment against the moving party, despite the nonmoving party's failure to file its own motion for summary judgment").

**{¶ 9}** "Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954,

¶ 12, quoting Civ.R. 56(C). "In reviewing whether the trial court's granting of summary judgment was proper, we apply a de novo review." *Troyer v. Janis*, 132 Ohio St.3d 229, 2012-Ohio-2406, 971 N.E.2d 862, ¶ 6.

*Mandamus*

**{¶ 10}** The court of appeals entered summary judgment in favor of Vermilion on Anderson's mandamus claim for itemized attorney-billing statements. "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. "We construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records." *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6.

**{¶ 11}** Vermilion claims—and the court of appeals found—that the requested itemized attorney-billing statements are exempt from disclosure based on the attorney-client privilege. "Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception." *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus.

*Attorney-Client Privilege*

**{¶ 12}** R.C. 149.43(A)(1)(v) excludes "[r]ecords the release of which is prohibited by state or federal law" from the definition of "public record" for purposes of the Public Records Act. "The attorney-client privilege, which covers records of communications between attorneys and their government clients pertaining to the attorneys' legal advice, is a state law prohibiting release of [those] records." *State ex rel. Besser v. Ohio State Univ.*, 87 Ohio St.3d 535, 542, 721 N.E.2d 1044 (2000).

**{¶ 13}** More specifically, we have held that the narrative portions of itemized attorney-billing statements containing descriptions of legal services performed by counsel for a client are protected by the attorney-client privilege. *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 28-29; *see also State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 36.

**{¶ 14}** Anderson requested itemized attorney-billing statements for services provided to Vermilion by Stumphauzer, Stumphauzer & O'Toole, and Marcie & Butler for January, February, March, and April 2010. The Stumphauzer & O'Toole billing statements include the title of the matter being handled, e.g., the case name or general subject, a narrative description of the legal services provided, the hours expended, and the amount due. The Marcie & Butler statements include the dates the services were rendered, a narrative description of the services rendered, the hours and fee rate for the services provided, and the amount of money billed.

**{¶ 15}** Under the Public Records Act, insofar as these itemized attorney-billing statements contain nonexempt information, e.g., the general title of the matter being handled, the dates the services were performed, and the hours, rate, and money charged for the services, they should have been disclosed to Anderson. "If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record that is not exempt." R.C. 149.43(B)(1).

**{¶ 16}** The parties submitted the requested attorney-billing statements under seal for the court of appeals' review. As we have held, the nonexempt portions of the records submitted under seal in public-records mandamus cases must be disclosed:

> "[W]hen a governmental body asserts that public records are expected from disclosure and such assertion is challenged, the court must make an individualized scrutiny of the records in question. *If the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released.*"

(Emphasis added.) *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 31, 661 N.E.2d 180 (1996), quoting *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 526 N.E.2d 786 (1988), paragraph four of the syllabus.

{¶ 17} Consequently, in *McCaffrey*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, at ¶ 35-37, we held that the respondents in a public-records mandamus case had complied with a records request by providing copies of civil-case logs that had been redacted to exclude the narrative portions of the logs that were covered by attorney-client privilege.

{¶ 18} The city nevertheless makes three separate arguments to support the court of appeals' conclusion. Vermilion first claims that Anderson waived her right to the nonexempt portions of the requested attorney-billing statements because after the court of appeals' judgment, she requested summaries of the information in attorney bills excluding attorney-client information and the city satisfied that request. It is true that providing the requested records to a relator generally renders moot a public-records mandamus claim. *See State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22. But Anderson's postjudgment records request was for records for a different period of time—June 2010 through May 2012—than the period at issue in this case— January through April 2010. Therefore, Anderson did not waive her mandamus

claim or appeal by seeking and receiving different records than those at issue in this case.

{¶ 19} The city next claims that it need not provide copies of the nonexempt portions of the requested attorney-billing statements because after redacting the narrative portions that are covered by the attorney-client privilege, the remainder would be "meaningless." But there is no indication that the city's subjective belief concerning the value of this information is true. The provision of information concerning the hours expended and rate charged for attorney services may have some value to the requester. Nor is there any exception to the explicit duty in R.C. 149.43(B)(1) for public offices to make available all information that is not exempt after redacting the information that is exempt.

{¶ 20} Finally, the city contends that the statements were either exempt from disclosure under the attorney-client privilege or so inextricably intertwined so as to also be privileged. The court of appeals agreed with that assertion based on our decision in *Dawson*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, where we noted that attorney-billing statements withheld by a school district were "either covered by the attorney-client privilege or so inextricably intertwined with the privileged materials as to also be exempt from disclosure." *Id.* at ¶ 29.

{¶ 21} Nevertheless, in the very same paragraph cited by the city and relied on by the court of appeals, we emphasized that the school district did not have to provide the nonexempt portions of the statements to the requester in that case because the district had already provided summaries containing the nonexempt information:

> Therefore, the school district properly responded to Dawson's request for itemized invoices of law firms providing legal services to the district in matters involving Dawson and her children by providing her with summaries of the invoices including the

attorney's name, the fee total, and the general matter involved. No further access to the detailed narratives contained in the itemized billing statements was warranted.

*Id.*

**{¶ 22}** In essence, the relator in *Dawson* was not entitled to the nonexempt portions of the requested itemized attorney-billing statements, because she had already been provided that information by the school district in the summaries. This rendered the relator's claim for that part of the records moot. *Striker*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, at ¶ 22.

**{¶ 23}** This is the crucial fact that distinguishes this case from *Dawson*. Vermilion did not provide Anderson with alternate records that contain the nonexempt information from the requested attorney-billing statements for January 2010 through April 2010. Therefore, her claim for these records is not moot, and she is entitled to that portion of the statements after they have been redacted to prevent disclosure of the narrative portions that are covered by the attorney-client privilege. R.C. 149.43(B)(1); *Natl. Broadcasting Co.*, 38 Ohio St.3d 79, 526 N.E.2d 786, at paragraph four of the syllabus. By concluding otherwise, the court of appeals erred.

**{¶ 24}** Therefore, the court of appeals erred in denying Anderson's motion for summary judgment and granting summary judgment in favor of the city on Anderson's public-records mandamus claim. Anderson established her entitlement to a writ of mandamus to compel Vermilion to provide her with copies of the nonexempt portions of the requested itemized attorney-billing statements.

*Statutory Damages and Attorney Fees*

**{¶ 25}** Anderson claims that the court of appeals also erred in denying her request for statutory damages and attorney fees. In assessing this claim, we

review whether the court of appeals abused its discretion in denying the request. *State ex rel. Patton v. Rhodes*, 129 Ohio St.3d 182, 2011-Ohio-3093, 950 N.E.2d 965, ¶ 12.

{¶ 26} The court of appeals did not abuse its discretion in denying Anderson's request, because a large part of the requested statements are exempt from disclosure. *See State ex rel. Mahajan v. State Med. Bd. of Ohio,* 127 Ohio St.3d 497, 2010-Ohio-5995, 940 N.E.2d 1280, ¶ 64 (denying request for statutory damages and attorney fees for reasons including that most of the public-records claims lacked merit). In addition, a well-informed public office could have reasonably believed, based on our decision in *Dawson*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, at ¶ 29, that the nonexempt portions of the attorney-billing statements could be withheld from disclosure. *See* R.C. 149.43(C)(1) and (2); *see also State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 37 and 40.

## Conclusion

{¶ 27} Based on the foregoing, the court of appeals erred in granting summary judgment in favor of the city and denying Anderson's claim for a writ of mandamus. We reverse that portion of the judgment of the court of appeals and remand the cause for further proceedings consistent with this opinion. We affirm the portion of the judgment denying Anderson's request for statutory damages and attorney fees.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Seeley, Savidge, Ebert & Gourash Co., L.P.A., and Andrew D. Bemer, for appellant.

Weston Hurd, L.L.P., Shawn W. Maestle, and Timothy R. Obringer, for appellee.

_____