Kennedy, J.,
concurring in part and dissenting in part.
{¶ 21} Respectfully, I concur in part and dissent in part. I agree with the majority that the Ninth District Court of Appeals did not err in denying appellant James E. Pietrangelo II’s motion seeking sanctions and motion to strike portions of the answer of appellees, the city of Avon Lake and its law director. I dissent, however, from the majority’s decision affirming the Ninth District’s determination as to the exempt portion of the attorney-fee billing statements and the denial of statutory damages. Because the court of appeals failed to order the disclosure of all nonexempt portions of the public records sought pursuant to R.C. 149.43(B)(1), I would reverse the decision of the court of appeals, order the redaction of only the narrative services column of each statement, and order the release of the remaining portions of the statements. Moreover, because Ohio law is settled that only the narrative services portion of an attorney-fee billing statement is privileged and therefore exempt pursuant to R.C. 149.43(B)(1), appellees failed to demonstrate that their redaction of the portions of the public record other than the narrative services column was in compliance with and served the underlying public policy of R.C. 149.43(B). Therefore, I would award statutory damages pursuant to R.C. 149.43(C).
Facts

Itemized Attorney-Fee Billing Statements

{¶ 22} In this case, a review of the sealed records reveals that the itemized attorney-fee billing statements each contain numerous pages. Following the *297 cover page of each statement is a summary-invoice page (“summary”), which is the equivalent of a billing payment stub. The summary contains the following: a header setting forth the name, address, and contact information of the law firm representing appellees (“header”); the name and address of appellee Abraham Lieberman, the Avon Lake law director; the invoice date and number (“billing designation”); and boilerplate payment instructions.
{¶ 23} Itemization begins on the third page of each statement, continues on subsequent pages, and contains the following: the header and billing designation, the date “legal services [were] rendered as of,” and a numerical client and matter designation. Each attorney-fee billing statement is next divided into four separate categories in column form: date, name, services, and hours. Each statement concludes with the total numbér of hours invoiced, a professional-fee summary, disbursements and expenses (if any), and a total invoice amount.

Records Provided to Appellant

{¶ 24} On March 19, 2014, in response to appellant’s public-records request, appellees provided him with a redacted copy of each itemized attorney-fee billing statement. Appellees redacted all information except the header and billing designation, the date “legal services [were] rendered as of,” the numerical client and matter designation, the amount of total fees, the disbursements and expenses, and the total invoice amount.
Analysis

Mandamus and the Ohio Public Records Act

{¶ 25} “Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio’s Public Records Act.” State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. “We construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records.” State ex rel. Rocker v. Guernsey Cty. Sheriff’s Office, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6.
{¶ 26} For good reason, “[exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception.” State ex. rel. Cincinnati Enquirer v. Jones-Kelley, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus. “A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception.” Id.

*298
Attorney-Client Privilege Generally

{¶ 27} The Ohio General Assembly has mandated that “[i]f a public record contains information that is exempt * * *, the public office * * * shall make available all of the information within the public record that is not exempt.” R.C. 149.48(B)(1). The definition of “public record” for purposes of the Public Records Act excludes “[rjecords the release of which is prohibited by state or federal law.” R.C. 149.43(A)(l)(v).
{¶ 28} We have long recognized that state law prohibits the release of the records of communications protected by the attorney-client privilege, State ex rel. Besser v. Ohio State Univ., 87 Ohio St.3d 535, 542, 721 N.E.2d 1044 (2000), and that portions of an itemized attorney-fee billing statement are “covered by the attorney-client privilege,” State ex rel. Taxpayers Coalition v. Lakewood, 86 Ohio St.3d 385, 392, 715 N.E.2d 179 (1999).
{¶ 29} Relying on appellees’ argument, the majority seemingly concludes that the relevant distinction between State ex rel. Dawson v. Bloom-Carroll Local School Dist., 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, and State ex rel. Anderson v. Vermilion, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, regarding what information is subject to disclosure under the Public Records Act is whether litigation is pending between the requestor and the government entity. Relying on this distinction, the majority then concludes that all “nonexempt portions of the records” that appellant requested in this case have been disclosed. Majority opinion at ¶ 17. I disagree.
{¶ 30} Whether a public-records requestor and a government entity are engaged in litigation is irrelevant to the question whether information in an itemized attorney-fee billing statement is privileged and exempt from disclosure. Instead, our case law mandates that the proper focus is on the information sought and whether that information is privileged.
{¶ 31} The relevant distinction between Dawson and Anderson is that in Dawson, the school board, in lieu of releasing the itemized attorney-fee billing statements, reduced the nonexempt information to a summary. Dawson at ¶ 2. After independent review of the summary and the itemized attorney-fee billing statements, we agreed with the school board that “[n]o further access to the detailed narratives * * * was warranted.” Id. at ¶ 29. In Anderson, the city of Vermilion failed to provide Anderson with any alternative record and denied his public-records request for the itemized attorney-fee billing statement on the basis that the record was exempt from disclosure. Id. at ¶ 4.

Only the Services Column Is Privileged and Subject to Redaction

{¶ 32} We have recognized that “the narrative portions of itemized attorney-billing statements containing descriptions of legal services performed by counsel *299 for a client are protected by the attorney-client privilege.” Anderson, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, at ¶ 13, citing Dawson, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, at ¶ 28-29, and State ex rel. McCaffrey v. Mahoning Cty. Prosecutor’s Office, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 36. We have instructed courts to conduct an in camera review to determine what information in an itemized attorney-fee billing statement is protected by the attorney-client privilege. Anderson at ¶ 16. Thereafter," ‘ “[iff the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released. ” ’ ” (emphasis sic.) Id., quoting State ex rel. Master v. Cleveland, 75 Ohio St.3d 23, 31, 661 N.E.2d 180 (1996), quoting State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland, 38 Ohio St.3d 79, 526 N.E.2d 786 (1988), paragraph four of the syllabus.
{¶ 33} After appellant filed his mandamus action, the Ninth District Court of Appeals conducted an in camera review of the itemized attorney-fee billing statements filed under seal. 9th Dist. Lorain No. 14CA010571, 3 (Mar. 11, 2015). Thereafter, the court of appeals ordered the additional disclosure of the professional-fee summary of each statement reflecting the total number of hours each attorney billed in the matter, the attorneys’ billing rates, and the amounts billed. Id. The court of appeals then concluded that since the “billing information that correlates to the narratives” — i.e., the date, attorney name, description, and number of hours for each service — “is summarized within the ‘Professional Fee Summary,’ * * * those items need not be disclosed.” Id. at 3-4. In affirming the decision of the court of appeals, this court, without explanation, creates a redundancy exception that is beyond the scope of the public policy established by the General Assembly and undermines our precedent.
{¶ 34} The General Assembly is the ultimate arbiter of public policy relevant to our public-records laws. Kish v. Akron, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 44. To that end, the legislature has decided that “all of the information within the public record that is not exempt” must be disclosed. (Emphasis added.) R.C. 149.43(B)(1). The General Assembly has not authorized any public entity to make a value judgment on the information contained in the public record sought and to withhold nonexempt information that in its view is redundant. Nor has the General Assembly authorized the third branch of government to order that nonexempt information it deems redundant be withheld. And until now, we have never authorized the exercise of such raw judicial power either.
{¶ 35} In the past, we have “construefd] the Public Records Act liberally in favor of broad access and resolve[d] any doubt in favor of disclosure of public records.” Rocker, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, at ¶ 6. Exceptions to disclosure have been “strictly construed against the public-records *300 custodian.” Cincinnati Enquirer, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, at paragraph two of the syllabus. Even if the court of appeals’ determination that redundant material is exempt makes good sense, “[a] judicially created ‘good sense’ rule” cannot override our precedent that only the General Assembly determines public policy as to public-records access. Id. at ¶ 44, citing State ex rel. WBNS TV, Inc. v. Dues, 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 36-37. As we noted in Anderson in rejecting the city’s argument that the remainder of a redacted document would be “meaningless,” there is no “exception to the explicit duty in R.C. 149.43(B)(1) for public offices to make available all information that is not exempt after redacting the information that is exempt.” 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, at ¶ 19.
{¶ 36} Moreover, the majority relies on Dawson in support of its conclusion that “the dates, hours, and rates not identified in the professional-fee summary” that appellant has requested “are inextricably intertwined with the narratives of services that are privileged materials. Such information is exempt from disclosure.” Majority opinion at ¶ 17. However, there is little discussion of how the itemized attorney-fee billing statements in Dawson were constituted. The majority’s extrapolation of our analysis in Dawson to the public records at issue today is disingenuous.
{¶ 37} The itemized portions of the attorney-fee billing statements requested by appellant are not oriented in paragraph form. The date of service, the name of the attorney providing each service, and the hours billed are indicated in separate, independent columns and are not intertwined with the narrative services column. As explained above, the records filed under seal establish four separate, independent columns within the itemized portion of each attorney-fee billing statement. The narrative services column is readily capable of redaction without disturbing the other, nonexempt information.
{¶ 38} Because appellees failed to meet their burden to prove that all “the requested records fall squarely within the exception,” Cincinnati Enquirer, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, at paragraph two of the syllabus, I would order the redaction of only the narrative services column in each itemized attorney-fee billing statement and order all remaining portions released.

Award of Statutory Damages

{¶ 39} In affirming the court of appeals’ denial of statutory damages, this court adopted the holding that “ ‘a large portion of the billing statements at issue in this case w[as] exempt from disclosure and, given the interplay between Dawson and Anderson, a well-informed public office could reasonably have believed that the nonexempt portion of the billing statements could be withheld from disclosure.’ ” (Brackets sic.) Majority opinion at ¶ 18, quoting 9th Dist. Lorain No. 14CA010571, at 4-5. I disagree.
*301 {¶ 40} As explained above, only the narrative services column of each itemized attorney-fee billing statement is subject to redaction.
{¶ 41} Moreover, there is no “interplay” between Dawson and Anderson. In Dawson, this court recognized the existence of the law regarding the confidentiality of communications shared within the attorney-client relationship and then examined the exemption contained in R.C. 149.43(A)(l)(v). Dawson, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, at ¶ 26-27. After considering Ohio and federal decisions stating that the attorney-client privilege extends to the narrative portions of an itemized attorney-fee billing statement describing the services performed, we held that the school board’s decision to provide a summary of the information in lieu of the itemized attorney-fee statement was proper. Id. at ¶ 28-29.
{¶ 42} One year later, in Anderson, we cited Dawson as holding that “the narrative portions of itemized attorney-billing statements containing descriptions of legal services performed by counsel for a client are protected by the attorney-client privilege.” Anderson, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, at ¶ 13, citing Dawson at ¶ 28-29 and McCaffrey, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, at ¶ 36. We found, however, that there was a “crucial fact” that distinguished Anderson from Dawson. Id. at ¶ 23. Specifically, we held that the city of Vermilion had denied Anderson’s request and did not provide an alternate record, id., whereas in Dawson, the claim for the itemized attorney-fee billing statement was moot because the school board had already provided that information in a summary, Dawson at ¶ 29.
{¶ 43} The General Assembly has mandated that a person aggrieved by the failure of a public office to provide a public record may bring a mandamus action to obtain the record. R.C. 149.43(C)(1). If the requestor makes the request in writing and the request fairly describes the record or records sought, then the requestor “shall be entitled to recover” statutory damages. Id.
{¶ 44} A court may reduce or deny an award of statutory damages if two findings are made. Id. First, the court must find that based on “statutory law and case law as it existed at the time * * * a well-informed public office * * * reasonably would believe that [its] conduct * * * did not constitute a failure to comply with [R.C. 149.43(B) ].” R.C. 149.43(C)(1)(a). Second, the court must find that “a well-informed public office * * * would believe that the conduct * * * would serve the public policy that underlies the authority that is asserted as permitting that conduct.” R.C. 149.43(C)(1)(b).
{¶ 45} In affirming the court of appeals’ denial of statutory damages and attorney fees in Anderson, we held that “a well-informed public office could have reasonably believed, based on our decision in Dawson * * *, that the nonexempt portions of the attorney-billing statements could be withheld from disclosure.” *302 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, at ¶ 26. However, after Anderson, the issue of what information is privileged and thereby exempt from disclosure in an attorney-fee billing statement became settled law. Subsequently, no well-informed public office could reasonably believe that any portion of an attorney-fee billing statement, other than the narrative description of the legal services performed, is subject to redaction.
James E. Pietrangelo II, pro se.
Abraham Lieberman, Avon Lake Law Director, for appellees.
{¶ 46} As the finding required by R.C. 149.43(C)(1)(a) has not been made, the court of appeals was without authority to deny appellant an award of statutory damages. Therefore, as appellees impermissibly redacted information in excess of the narrative services column of each itemized attorney-fee billing statement, I would reverse the court of appeals and award appellant statutory damages pursuant to R.C. 149.43(C).
{¶ 47} For all the foregoing reasons, I would affirm the denial of the motion for sanctions and the motion to strike and would reverse the court of appeals’ exemption determination, order the redaction of the narrative services column of each itemized attorney-fee billing statement, order the release of all remaining information contained in the itemized attorney-fee billing statements, and award statutory damages.
{¶ 48} Accordingly, I respectfully concur in part and dissent in part.
FRENCH, J., concurs in the foregoing opinion.