[Cite as *Chillicothe Gazette v. Chillicothe City Schools*, 2019-Ohio-965.]

| | |
|---|---|
| CHILLICOTHE GAZETTE | Case No. 2018-00950PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>ENTRY ADOPTING AND MODIFYING RECOMMENDATION OF SPECIAL MASTER</u> |
| CHILLICOTHE CITY SCHOOLS | |
| Respondent | |

**{¶1}** On December 26, 2018, special master Clark issued a report and recommendation in this case. This public records case was filed by reporter Jona Ison of the Chillicothe Gazette (Gazette) in accordance with R.C. 2743.75 against Chillicothe City Schools (Chillicothe CS) wherein the Gazette alleges a denial of access to public records. The special master recommended denying Chillicothe CS's motion to dismiss. (Report and Recommendation, p. 4). Turning to the merits, and pertinent to the Gazette's objections, the special master found that Chillicothe CS must provide the Gazette with a copy of the November 1, 2017 e-mail From Jennifer Bergquist, a claims specialist for Liberty Mutual, to Jon Saxton, former superintendent for Chillicothe CS. *Id.* at 21. The special master also found that "the common-law attorney-client privilege does not apply to any portion" of an October 13, 2017 letter from Sandra McIntosh to the Chillicothe School Board's representative, former Superintendent Jon Saxon. *Id.* at 24.

**{¶2}** R.C. 2743.75(F)(2) states, in part: "[e]ither party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk * * *. If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested." Chillicothe CS timely filed its objections on January 8, 2019. The Gazette received the objections via certified mail on

January 14, 2019, and timely filed its response on January 18, 2019. Chillicothe CS raises the following two objections:

> Objection 1: The Board objects to the Special Master's recommendation that it produce a copy of the October 13, 2017 letter from Attorney Sandra McIntosh to the Board because that letter is protected by attorney-client privilege.

{**¶3**} Chillicothe CS makes the following three arguments: (1) "both Attorney McIntosh and the Board's President, Steven Mullins, have submitted affidavits to the Court that they understood all communications between them to be protected by the attorney-client privilege because Attorney McIntosh was, at all relevant times, working as the Board's attorney;" (2) "the subject letter comes within the protection of the attorney-client privilege;" and (3) "production of the subject letter is at odds with the 'underlying policy of encouraging open communication' between attorney and client." (Objections, p. 3). The Gazette argues that Chillicothe CS "offers no challenge to the facts or the law supporting the Special Master's decision. There is no basis then to provide the relief Chillicothe seeks." (Reply, p. 2).

{**¶4**} As an initial matter, this court explained that "a party who claims that an exception applies is required to prove that the requested records fall squarely within the exception by a preponderance of the evidence." *White v. ODRC,* Court of Claims Case No. 2018-00762PQ, January 10, 2019 Decision, p. 4. Thus, the court applies a preponderance-of-the-evidence standard of proof relative to Chillicothe CS's claim of an exception to disclosure.

{**¶5**} The Supreme Court of Ohio stated: "[u]nder the attorney-client privilege, '(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.' *Reed v. Baxter* (C.A.6, 1998), 134 F.3d 351, 355-356; *Perfection Corp. v. Travelers Cas. &*

*Sur.*, 153 Ohio App.3d 28, 2003-Ohio-3358, 790 N.E.2d 817, ¶ 12. Except under circumstances not relevant here, only the client can waive the privilege. * * * ." *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 21.

{¶6} Further, "the common-law attorney-client privilege * * * 'reaches far beyond a proscription against testimonial speech. The privilege protects against any dissemination of information obtained in the confidential relationship.'" *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.,* 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 24 (citations omitted). The court also notes that in the context of attorney-billing statements, the Supreme Court of Ohio stated that "[u]nder the Public Records Act, insofar as these itemized attorney-billing statements contain nonexempt information, e.g., the general title of the matter being handled, the dates the services were performed, and the hours, rate, and money charged for the services, they should have been disclosed to [appellant]." *State ex rel. Anderson v. City of Vermilion*, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, ¶ 15.

{¶7} In this context, the court finds that the special master erred in finding that "Chillicothe CS fail[ed] to meet its burden to support, or specifically assert, that this letter was a communication pertaining to an attorney's legal advice." (Report and Recommendation, p. 23). The court's review of the October 13, 2017 letter reveals that some of the information contains legal advice and guidance related to the representation of Chillicothe CS. While the court agrees that not every communication between attorney and client is privileged, the court finds here that the letter does contain communication between a lawyer, Attorney McIntosh, and her client the Chillicothe CS Board, that facilitates the rendition of legal services or advice.

{¶8} However, the court agrees with the special master that part of the content of the letter is the Statement of Insured Client's Rights provided in accordance with the Ohio Rules of Professional Conduct. The Statement of Insured Client's Rights is

verbatim from the Ohio Rules of Professional Conduct Pages 51-52. As such, Chillicothe CS's objection is SUSTAINED, in part, and the court ORDERS the October 13, 2017 letter to be produced to Gazette with the following redaction: Paragraphs 1 and 2 of Page 1 shall be redacted.

<u>Objection 2: The copy of the e-mail dated November 1, 2017 from Liberty Mutual to former Superintendent Jon Saxton is not subject to disclosure.</u>

{¶9} Chillicothe CS argues that this e-mail is not subject to disclosure because it falls within the scope of attorney work product. It claims that the e-mail was "a document produced by the Board's insurer, made part of the insurer's claim file, and subsequently transmitted to Attorney McIntosh for preparing a defense against a possible lawsuit." (Objections, p. 5). The Gazette argues that the special master properly found that "the record contained no evidence that Chillicothe ever claimed that the e-mail was subject to any exception to disclosure." (Reply p. 2).

{¶10} However, the court relies on alternative grounds for finding error in the special master's decision. The public records request that resulted in the production of the November 1, 2017 e-mail sought "all correspondence with the insurance carrier related to Freund, Freeze & Arnold and/or attorney Sandra R. McIntosh being retained and throughout the retainer." (Report and Recommendation, p.18). In his decision, the special master determined that this request "is improperly ambiguous, overly broad, and does not reasonably identify the records sought." *Id.* at 20. Then, the special master went on to discuss documents identified as responsive to the request, stating that "[i]n response to the order of September 24, 2018, Chillicothe CS identified and filed under seal two records it deems responsive to Request No. 5." *Id.* at 21. One of those records was the November 1, 2017 e-mail. The special master also cited the follow proposition of law: "[a] public office's voluntary effort to provide some responsive records, notwithstanding overbreadth of the request, is considered favorably in evaluating its

response. *State el rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 6, 14." *Id.* pp. 20-21.

{¶11} However, Chillicothe CS did not provide the November 1, 2017 e-mail voluntarily. Rather, it provided the e-mail in response to a court order from the special master directing "Chillicothe CS to file a complete and unredacted copy of the following documents ("responsive documents"). 1. All responsive 'correspondence with the insurance carrier related to Freund, Freeze & Arnold and/or attorney Sandra R. McIntosh being retained and throughout the retainer.' (Am. Compl. Exh. A at 1.)." (September 24, 2018 Order of the Special Master). Thus, but for this order, Chillicothe CS would not have produced the November 1, 2017 e-mail.

{¶12} Further, and upon independent review, the court agrees with the special master that Request No. 5 is improperly ambiguous, overly broad, and does not reasonably identify the records sought. However, after the special master made this determination, the analysis should have ended. Therefore, the special master erred when he continued his analysis and ordered production of the November 1, 2017 e-mail. *See State ex rel. Davila v. City of E. Liverpool,* 7th Dist. Columbiana No. 10 CO 16, 2011-Ohio-1347; *State ex rel. Todd v. City of Canfield*, 7th Dist. Mahoning No. 11 MA 209, 2014-Ohio-569. As such, Chillicothe CS's objection is SUSTAINED. The Gazette is not entitled to the November 1, 2017 email.

{¶13} Upon review of the record, the special master's report and recommendation, Chillicothe CS's objections, and Gazette's response, the court finds that the special master erred in ordering production of the full October 13, 2017 letter and the November 1, 2017 e-mail. Therefore, Chillicothe CS objections are SUSTAINED and the court adopts the special master's report and recommendation, in part, rejects in part, and modifies in part. The Chillicothe CS shall produce a copy of the October 13, 2017 letter with the redactions outlined above. Court costs shall be split

equally between the parties.   The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


PATRICK M. MCGRATH
Judge

**Filed February 5, 2019**
**Sent to S.C. Reporter 3/20/19**