[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Dublikar, Beck, Wiley & Mathews*, Slip Opinion No. 2022-Ohio-3990.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3990

THE STATE EX REL. AMES, APPELLANT, *v.* BAKER, DUBLIKAR, BECK, WILEY & MATHEWS ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Dublikar, Beck, Wiley & Mathews*, Slip Opinion No. 2022-Ohio-3990.]

*Mandamus—Public records—Private entities may be subject to public-records law under quasi-agency test—Under Civ.R. 12(B)(6), a court must presume that a complaint's factual allegations are truthful and draw all reasonable inferences in the nonmovant's favor—Court of appeals departed from the Civ.R. 12(B)(6) standard—Judgment reversed and cause remanded.*

(No. 2022-0170—Submitted July 12, 2022—Decided November 10, 2022.)

APPEAL from the Court of Appeals for Portage County, No. 2021-P-0046.

_____

**Per Curiam.**

{¶ 1} Appellant, Brian M. Ames, appeals the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of mandamus against

appellees, Baker, Dublikar, Beck, Wiley & Mathews ("the Baker firm"), Public Entity Risk Services of Ohio ("PERSO"), and the Ohio Township Association Risk Management Authority ("OTARMA"). Ames brought his action under Ohio's Public Records Act, R.C. 149.43, to obtain unredacted copies of invoices that the Baker firm had prepared for PERSO. The court of appeals dismissed Ames's petition, determining that he was not entitled to the writ, because the information the Baker firm had redacted was protected by the attorney-client privilege. We conclude that the court of appeals did not properly apply the standard of review in dismissing Ames's petition, and we therefore reverse the judgment and remand this cause to the court of appeals with instructions that it conduct an in camera inspection of the contested invoices.

## I. BACKGROUND

{¶ 2} Ames set forth the following facts in his amended petition. Ames is a resident of Portage County, in which Rootstown Township is located. OTARMA is a governmental risk-sharing pool with Ohio townships, including Rootstown Township, as members. PERSO is an Ohio for-profit corporation that provides claim-handling services to OTARMA and its members. And the Baker firm provides legal services to PERSO, documenting the services it provides in invoices addressed to PERSO.

{¶ 3} Prior to making the public-records request that is the basis for this case, Ames had brought multiple actions against the Rootstown Township Board of Trustees ("Rootstown") alleging violations of Ohio's Open Meetings Act, R.C. 121.22. In response to those actions, Rootstown filed three claims with PERSO. In turn, the Baker firm provided legal services to PERSO related to those claims.

{¶ 4} In April 2021, Ames emailed a public-records request to James F. Mathews, an attorney at the Baker firm who had defended Rootstown against Ames's prior actions, and David P. McIntyre, the Rootstown Township Board of Trustees' chairman. Ames sought "copies of the invoices for legal services

provided to [Rootstown] by [OTARMA] and [PERSO] for [nine] cases." The Baker firm provided the invoices but redacted the narrative portions, citing legal authority holding that the narratives were protected from disclosure under the attorney-client privilege. After Ames received the redacted records, he emailed a second records request to the Baker firm and McIntyre specifying that he wanted unredacted copies of the records he had originally received. The Baker firm refused his request for unredacted records.

{¶ 5} Ames then filed a petition in the court of appeals, seeking a writ of mandamus ordering appellees to produce unredacted copies of the records he had requested. Each appellee moved for dismissal under Civ.R. 12(B)(6). The court of appeals determined that appellees were subject to the Public Records Act despite their private-party status, but it nevertheless dismissed Ames's petition on the ground that the narrative portions of itemized attorney-fee billing statements containing descriptions of legal services performed by counsel for a client are protected by the attorney-client privilege. *See* 2022-Ohio-171, ¶ 19, 39. This appeal followed.

## II.  ANALYSIS

### A.  *PERSO is not immune from suit[1]*

{¶ 6} As a threshold matter, PERSO argues that a private entity like itself should not be subject to the Public Records Act simply because it conducts business with a public entity. PERSO insists that in reaching a contrary conclusion, the court of appeals misread this court's decision in *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 163 Ohio St.3d 304, 2021-Ohio-1176, 170 N.E.3d 19.[2]

---

1. OTARMA and the Baker firm do not argue, as PERSO does, that they are immune from suit under the Public Records Act.

2. PERSO also notes this court's citation in *Armatas* to *State ex rel. Bell v. Brooks*, 130 Ohio St.3d 87, 2011-Ohio-4897, 955 N.E.2d 987. In *Bell*, we determined that a joint self-insurance pool was not the functional equivalent of a public office. *Id.* at ¶ 26. But the court of appeals here rested its

**{¶ 7}** In *Armatas*, the relator brought a mandamus action against a township's trustees, seeking the production of invoices for legal services that had been performed on the township's behalf. *Armatas* involved the same entities that Ames has sued here: the Baker firm had been hired and supervised by PERSO on behalf of OTARMA, to which Plain Township belonged. In determining whether the township could be required to produce legal-services invoices, this court applied the quasi-agency test. *Armatas* at ¶ 14-22. Traditionally, that test required—in order for a relator in an R.C. 149.43 mandamus action to be entitled to relief—a determination that "(1) a private entity prepare[] records in order to carry out a public office's responsibilities, (2) the public office [be] able to monitor the private entity's performance, and (3) the public office ha[ve] access to the records for this purpose," *State ex rel. Mazzaro v. Ferguson*, 49 Ohio St.3d 37, 39, 550 N.E.2d 464 (1990). But based on our survey of the caselaw in *Armatas*, we applied a modified version of this test and concluded that "when a requester has adequately proved the first prong of the quasi-agency test, the requester has met his burden: proof of a delegated public duty establishes that the documents relating to the delegated functions are public records," *id.* at ¶ 16.

**{¶ 8}** In *Armatas*, we determined that the township's activities satisfied the modified test. *Id.* at ¶ 22-23 (intervening subheading) ("The invoice at issue comes under the township's jurisdiction and documents procedures and operations that the township delegated to OTARMA and PERSO"). We reasoned that PERSO's decision to hire attorneys for the township constituted a delegation of the township's duty to prosecute and defend itself against lawsuits, which necessarily involves hiring and supervising attorneys. *Id.* at ¶ 19-20. And the invoices were a means for the township, as the client of the lawyers hired by PERSO, to "protect the public interest by knowing what and how its lawyers [were] being paid, to

decision on the quasi-agency test, not the functional-equivalency test. We accordingly limit our discussion to the quasi-agency test.

4

ensure the quality of the representation." *Id.* at ¶ 24. Although the township did not possess the invoices, we nevertheless found that the invoices were "under the township's jurisdiction," *id.*; *see* R.C. 149.011(G).

{¶ 9} It follows from *Armatas* that Rootstown has delegated a public duty to PERSO. Here, as in *Armatas*, PERSO provides claim handling for OTARMA and the Baker firm provides legal services to PERSO in connection with actions that Ames brought against Rootstown. And the records in question relate to the delegation of that duty.

{¶ 10} In *Armatas*, the relator sued the public body while here, Ames has sued PERSO, OTARMA, and the Baker firm—but that distinction does not matter. As this court recognized in *Armatas*, we have extended the quasi-agency test to private entities, requiring them to produce public records. *Id.*, 163 Ohio St.3d 304, 2021-Ohio-1176, 170 N.E.3d 19, at ¶ 15 (citing two prior decisions). Additionally, the Public Records Act authorizes a mandamus action against either "a public office or the person responsible for the public record," R.C. 149.43(C)(1)(b). This provision reflects the Public Records Act's "intent to afford access to public records, even when a private entity is responsible for the records." *Mazzaro*, 49 Ohio St.3d at 39, 550 N.E.2d 464.

{¶ 11} In *State ex rel. Toledo Blade Co. v. Ohio Bur. of Workers' Comp.*, 106 Ohio St.3d 113, 2005-Ohio-3549, 832 N.E.2d 711, this court concluded that a newspaper company properly brought a mandamus action against two private entities, reasoning that they were " 'person[s] responsible' " for the records in question because all elements of the traditional, tripartite quasi-agency test were met. (Brackets added.) *Id.* at ¶ 20-21, quoting R.C. 149.43(C). Under *Toledo Blade*, then, PERSO may be sued under the Public Records Act when, as here, the quasi-agency test is satisfied.

{¶ 12} It is true that PERSO did not prepare the records in question here; the Baker firm did. Even so, this does not cut in PERSO's favor. The relationships

in this case among Rootstown, OTARMA, PERSO, and the Baker firm present a more complicated picture than the paradigmatic case featuring records prepared and possessed by a sole private entity. *See, e.g.*, *Mazzaro* (private accounting firm prepared and possessed the records). Given that PERSO is the recipient of records relating to a public duty that Rootstown delegated to it, we conclude that it is a proper party to this suit.

**{¶ 13}** Further, we decline to entertain PERSO's request to revisit our opinion in *Armatas*. PERSO argues that by jettisoning the second and third prongs of the quasi-agency test, this court broke with precedent and opened the floodgates to litigation against private entities. PERSO misses the mark. In assigning primacy to the first prong in *Armatas*, we did not chart a new course; rather, as the opinion says, we simply followed the logic of this court's earlier decisions applying the quasi-agency test. For instance, *Armatas* cites *State ex rel. Gannett Satellite Information Network v. Shirey*, 78 Ohio St.3d 400, 403-404, 678 N.E.2d 557 (1997), in which we determined that a city's inability to either monitor a consultant's performance or access the consultant's records was not dispositive. *Armatas*, 163 Ohio St.3d 304, 2021-Ohio-1176, 170 N.E.3d 19, at ¶ 17. And as *Armatas* makes clear, this court has long permitted mandamus actions against private entities under the Public Records Act. Moreover, PERSO does not cite any cases to support its speculation that *Armatas* opened the floodgates. If that trickle eventually turns into a flood, then the General Assembly can address it. *See Kish v. Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 44 (observing that the General Assembly may alter—and in the past has altered—the Public Records Act in response to a judicial interpretation it disagrees with).

**{¶ 14}** In summary, PERSO is not immune from a lawsuit brought under the Public Records Act.

### B. The court of appeals departed from the Civ.R. 12(B)(6) standard

{¶ 15} Under existing caselaw, an invoice for a legal service provided to a public-office client is a public record, with the caveat that the narrative portion of the invoice describing the service is protected from disclosure by the attorney-client privilege. *See Armatas* at ¶ 13, citing *State ex rel. Anderson v. Vermilion*, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, ¶ 13, and *State ex rel. Dawson v. Bloom Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 26-28. Drawing on this precedent, the court of appeals concluded that Ames's request for unredacted invoices had failed to state any claim upon which relief could be granted and found appellees' motions to dismiss well-taken. 2022-Ohio-171 at ¶ 35-44. In reaching this conclusion, the court of appeals departed from the Civ.R. 12(B)(6) standard.

{¶ 16} As Ames correctly observes, a Civ.R. 12(B)(6) motion limits a court to testing the sufficiency of the complaint and the materials incorporated into it. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992); *State ex rel. Peoples v. Schneider*, 159 Ohio St.3d 360, 2020-Ohio-1071, 150 N.E.3d 946, ¶ 9. In this case, the materials incorporated into Ames's petition included *redacted* invoices sent to Ames by the Baker firm.

{¶ 17} In opposing appellees' motions to dismiss, Ames argued to the court of appeals that it was required to presume the truth of his allegation that "[t]here is no attorney-client privileged information reflected on the invoices." But the court of appeals did the opposite: it concluded that the invoices contained privileged information. 2022-Ohio-171 at ¶ 41, 53. That was error, because under Civ.R. 12(B)(6), a court must presume a complaint's factual allegations are truthful and draw all reasonable inferences in the nonmovant's favor. *See Clark v. Connor*, 82 Ohio St.3d 309, 311, 695 N.E.2d 751 (1998).

{¶ 18} Because the court of appeals misapplied the Civ.R. 12(B)(6) standard, we must reverse and remand for further proceedings. In doing so, we

instruct the court of appeals on remand to conduct an in camera inspection of the contested invoices. *See State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 22 ("the court has consistently required an in camera inspection of records before determining whether the records are excepted from disclosure"). Appellees' suggestion that no such inspection is warranted because Ames did not ask for one in his petition is not supported by apposite authority.

### III. CONCLUSION

{¶ 19} We reverse the judgment of the court of appeals and remand the cause with instructions that the court of appeals conduct an in camera inspection of the contested invoices.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and KENNEDY, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

FISCHER, J., dissents.

––––––––––––––––––

Brian M. Ames, pro se.

Baker, Dublikar, Beck, Wiley & Mathews, James F. Mathews, and Andrea K. Ziarko, for appellee Baker, Dublikar, Beck, Wiley & Mathews.

Buechner, Haffer, Meyers & Koenig Co., L.P.A., Robert J. Gehring, and Saba N. Alam, for appellee Ohio Township Association Risk Management Authority.

Reminger Co., L.P.A., Patrick Kasson, and Thomas Spyker, for appellee Public Entity Risk Services of Ohio.

––––––––––––––––––