[Cite as *Lyrenmann v. Milford Exempted Village Schools*, 2025-Ohio-2885.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| MICHAEL LYRENMANN | Case No. 2025-00570PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| MILFORD EXEMPTED VILLAGE SCHOOLS | |
| Respondent | |

{¶1} This matter is before me for a R.C.2743.75(F) report and recommendation. I recommend that the court (1) order respondent to produce unredacted copies of pp. 3-278 of the records filed for in camera review subject only to the redactions listed in the appendix to this report and recommendation; (2) order respondent to take that action within 30 days from the entry of a judgment adopting this report and recommendation; (3) order respondent to file and serve an affirmation that it has taken that action within 40 days of the entry of a judgment adopting this report and recommendation, (4) order respondent to reimburse requester for his filing fee and costs in this case; (5) order respondent pay the balance of the costs of this case; and (6) deny all other relief.

**I. Background**.

{¶2} A high school student of the respondent Milford Exempted Village Schools ("Milford") committed suicide before she graduated. Milford struggled with how to acknowledge her when her class graduated, but eventually settled on a policy. The question generated significant controversy. Requester Michael Lyrenmann made two requests for public records related to the controversy.

{¶3} On March 25, 2025, requested copies of correspondence between Milford, its officials, and the mother of the deceased student. Milford produced one redacted record, but withheld 275 pages of responsive records because it viewed the records as containing information protected by 20 U.S.C. § 1232g, the Family Educational Rights and Privacy

Act ("FERPA") and R.C. 3319.321. It withheld those records in their entirety because it believed that the protected information was so intertwined with the records as a whole that the records would be unintelligible after redaction. *Notice of Filing Respondent's Evidence*, filed July 9, 2025 ("*Respondent's Evidence*"), pp. 3-4; *Filing Under Seal of Unredacted and Withheld Records*, filed July 9, 2025 ("*In Camera Records*"), pp. 3-278, *Notice of Filing of Redacted Records*, filed July 9, 2025 ("*Redacted Records*"), pp. 2-3.[1]

{¶4} On April 28, 2025, Mr. Lyrenmann requested copies of correspondence from the community at large about how Milford would acknowledge the deceased student at the commencement. Milford produced the correspondence, but redacted the email addresses of the persons sending emails, arguing that the addresses were not public records because they were not records within the meaning of R.C.149.011(G). *Respondent's Evidence*, pp. 5-8; *Redacted Records*, pp. 4-38.

{¶5} Mr. Lyrenmann filed this case to contest those responses. Mediation did not resolve the case, and a schedule was set for Milford to file responsive records for in camera review and for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Complaint*, filed June 11, 2025; *Order Terminating Mediation*, entered June 25, 2025.

## II. Analysis.

### A. March 25, 2025, request.

{¶6} Milford was correct in determining that the records contained information protected by FERPA and R.C. 3319.321, but incorrect in withholding those records in their entirety.

{¶7} *The withheld records contain information protected by FERPA and R.C. 3319.321(B)*. R.C.149.43(A)(1)(v) authorizes public offices to withhold information covered by those statutes. *State ex rel. ESPN, Inc. v. Ohio State Univ.*, 2012-Ohio-2690, ¶ 25 (FERPA*); State ex rel. CNN, Inc. v. Bellbrook-Sugarcreek Local Schools*, 2020-Ohio-5149, ¶ 17 (R.C. 3319.321). Both FERPA and R.C. 3319.321 prohibit the release of

---

[1] The *In Camera Records* were filed in the form of two PDF files, consecutively Bates stamped across the two files. All references to specific pages of *the In Camera Records* are to the Bates numbers appearing on the pages referenced.

"personally identifiable information" about a student. That term is defined for purposes of FERPA by 34 C.F.R. § 99.3. It states that the "term includes, but is not limited to—

(a) The student's name;

(b) The name of the student's parent or other family members;

(c) The address of the student or student's family;

(d) A personal identifier, such as the student's social security number, student number, or biometric record;

(e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;

(f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or

(g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates."

That term is not defined in R.C. 3319.321, but the cases use the definition provided by 34 C.F.R. § 99.3. *Patton v. Solon City School Dist.*, 2017-Ohio-9415, ¶ 13, adopted February 21, 2018 (Ct. of Cl. Case No. 2017-00570PQ); *Chillicothe Gazette v. Chillicothe City Schools*, 2018-Ohio-5445, ¶ 15, adopted in relevant part, 2019-Ohio-965, ¶ 13 (Ct. of Cl.).

{¶8} In camera review of the withheld records revealed that they do indeed contain information falling within elements (a), (b) and (f) of that definition. That is "obviously apparent and manifest just from the content of the record itself[.]" *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 35. Milford was therefore correct to object to the disclosure of that information.

{¶9} *Milford was wrong in withholding all records that contained that information*. R.C. 149.43(B)(1) mandates that if "a public record contains information that is exempt *** the public office *** shall make available all of the information within the public record that is not exempt." Records containing exempt material can be withheld in their entirety only in very limited situations. Complete withholding is only permissible if the exempted material is "necessarily" and "inextricably intertwined" with the rest of the record. *State ex rel. McGee v. Ohio State Bd. of Psychology*, 49 Ohio St.3d 59, 60 (1990); *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 2010-Ohio-3288, ¶¶ 11, 14. The scope of exempt

material must be so pervasive that redaction would "thoroughly eviscerate" the record as a whole. *Narciso v. Powell Police Dept.*, 2018-Ohio-4590, ¶ 12, adopted 2018-Ohio-5017 (Ct. of Cl.). Complete withholding is not allowed if the exempt material is "discrete and severable" from the balance of the record. *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety*, 2017-Ohio-4247, ¶ 49, adopted, 2017-Ohio-4248 (Ct. of Cl.). The public office has the burden of proving such intertwining, *Narciso*, 2018-Ohio-4590, ¶ 68, and any doubts are resolved against complete withholding. *Rocker*, 2010-Ohio-3288, ¶ 16. Finally, the "extent of any redaction must be carefully restricted," *Narciso*, 2018-Ohio-4590, ¶ 11.

{¶10} In camera review revealed that the protected information can be easily separated from the balance of the records by redacting:

- The deceased student's name.

- The name and email address of the deceased student's mother.

- The body of the mother's emails.

- The body of and attachments to all emails with the subject of "Vigil."

- The January 28, 2025, email from Dr. Arnold to the mother of the deceased student.

{¶11} Contrary to Milford's argument, the records will have significant meaning after those redactions. They would still illuminate the timeline of Milford's response to the underlying issue, the identity of the officials involved in developing the response, and the various iterations of the policy that emerged during that process.

{¶12} I therefore recommend that Milford be ordered to produce copies of the records filed as pp. 3-278 of the *In Camera Records*, subject only to the redactions just discussed.

**B. April 28, 2025, request**.

{¶13} This request asked for "all records of emails or communications received by the Superintendent and Board of Education members from 3rd parties with comments or questions about the policy in question, the upcoming 2025 graduation ceremony, and the recent drama initiated by" the deceased student's mother. Milford produced more than 30 pages of records, redacted to obscure the email addresses of the senders of emails sent

to Milford or its officials. Milford argues that those redactions were proper because the email addresses were not records within the meaning of R.C. 149.011(G). *Respondent's Evidence*, pp. 5-8; *Redacted Records*, pp. 4-38.

{¶14} A public office may properly redact information within an otherwise public record when that information does not fit within the definition of "record" provided by R.C. 149.011(G). A requester challenging such a redaction has the burden of proving that the redacted information fits within that definition. That requires proof that the information "serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." R.C. 149.011(G); *Langer v. Ohio State Univ. Office of Univ. Compliance & Integrity*, 2023-Ohio-2323, ¶¶ 17-20, adopted July 6, 2023 (Ct. of Cl. Case No. 2023-00195PQ).

{¶15} Requester has not met that burden. The only evidence in the record of this case is the emails themselves. By themselves, the emails' addresses reveal nothing about any of the things listed in the excerpt from R.C. 149.011(G) set out above. Further, this court has noted that such contact information is not a record when the office does not use it to contact the person the information identifies or to verify facts relevant to a matter it is considering. *Brown v. City of Cleveland*, 2019-Ohio-1819, ¶ 12, adopted 2019-Ohio-2627 (Ct. of Cl.). That is what we have here.

{¶16} That not changed by requester's arguments.

{¶17} Requester's argument that the email addresses document Milford's decision-making process is not persuasive. Although Milford likely considered the substance of the emails (which were produced) when addressing this sensitive matter, it is hard to understand how something as cryptic as an email address factored into that decision. Requester offers no explanation or evidence on this point, so I recommend that this argument be rejected

{¶18} Requester's argument that Milford waived this objection because it supposedly produced emails that included addresses in the past fails because he offers no proof of that alleged fact. *Tentacles of Cuyahoga Cty. v. Cuyahoga Cty. Prosecutor's Office*, 2024-Ohio-6142, ¶ 8, adopted 2025-Ohio-472 (Ct. of Cl.) (requester asserting waiver has the burden of proving facts giving rise to waiver).

{¶19} I therefore recommend that the court deny relief in connection with this request.[2]

**C. Requester is entitled to recover his filing fee and costs; respondent should bear the balance of the costs.**

{¶20} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office *** the amount of the filing fee *** and any other costs associated with the action[.]" Requester was aggrieved by Milford withholding entire documents including materials protected by FERPA and R.C. 3319.321. I therefore recommend that he recover his filing fee and the costs he incurred in this case. I also recommend that Milford bear the balance of the costs of this case.

**III. Conclusion.**

{¶21} Based on those considerations, I recommend that the court:

A. Order respondent to produce unredacted copies of pp. 3-278 of the records filed for in camera review subject only to the redactions listed in the appendix to this report and recommendation

B. Order respondent to take that action within 30 days from the entry of a judgment adopting this report and recommendation.

C. Order respondent to file and serve an affirmation that it has taken that action within 40 days of the entry of a judgment adopting this report and recommendation.

D. Order respondent to reimburse requester for his filing fee and costs in this case.

E. Order respondent to pay the balance of the costs of this case.

F. Deny all other relief.

---

[2] Some of the *Redacted Records* contain redactions with other bases, but requester has not specifically challenged those redactions. This report therefore does not analyze those redactions. *State ex rel. Sultaana v. Mansfield Corr. Inst.*, 2023-Ohio-1177, ¶ 24, n. 2. See also, *Welsh-Huggins*, 2020-Ohio-5371, ¶ 29 (scrutiny of exemptions triggered when "the government's asserted exemption is challenged"); *State ex rel. Repository v. Nova Behavioral Health, Inc.*, 2006-Ohio-6713, 859 N.E.2d 936, ¶ 41(claim not pled is not considered).

{¶22} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
TODD MARTI
Special Master

## Appendix
## Appropriate Redactions

- The deceased student's name.

- The name and email address of the deceased student's mother.

- The body of the mother's emails.

- The body of and attachments to all emails with the subject of "Vigil."

- The January 28, 2025, email from Dr. Arnold to the mother of the deceased student.

**Filed July 29, 2025**
**Sent to S.C. Reporter 8/14/25**