Per Curiam.
{¶ 1} We affirm the judgment of the Ninth District Court of Appeals granting in part and denying in part a petition for a writ of mandamus filed by relator-appellant, James E. Pietrangelo II, an attorney acting pro se.
*293 {¶ 2} Pietrangelo made a public-records request of appellees, the city of Avon Lake and its law director, for invoices from a law firm for services rendered in connection with pending litigation between Pietrangelo and the city. The city provided him with copies of invoices that set forth the name of the law firm, the general matter for which services were provided, the date of the invoice, the total fees billed for that period, and itemized expenses and disbursements. Invoking the attorney-client privilege and attorney-work-product doctrine, the city redacted
narrative descriptions of particular legal services rendered, the exact dates on which such services were rendered, the particular attorney rendering each service, the time spent by each particular attorney on a particular day, the billing rate of each particular attorney, the total number of hours billed by each particular attorney during the period covered by the invoice, and the total fees attributable to each particular attorney for the period covered by the invoice.
{¶ 3} Pietrangelo filed a petition for a writ of mandamus in the Ninth District Court of Appeals, requesting an order compelling the city to provide unredacted invoices and awarding statutory damages and attorney fees in the event that he retained counsel.
{¶ 4} Pietrangelo filed a motion to strike portions of the city’s answer and for sanctions. The court denied the motion in a one-sentence entry. Pietrangelo and the city filed cross-motions for summary judgment. Unable to determine from the evidence whether either party was entitled to judgment as a matter of law, the court ordered the city to file unredacted copies of the attorney-fee billing statements under seal.
{¶ 5} Following an in camera review, the court of appeals determined that the city had disclosed the nonexempt portions of the records with the exception of the portion of each invoice entitled “Professional Fee Summary.” Concluding that this portion — describing the hours, rate, and money charged for the services— was not exempt under R.C. 149.43, the court granted a writ of mandamus compelling the city to provide Pietrangelo with copies of the relevant billing statements with the professional-fee summary unredacted. The court denied Pietrangelo’s petition in all other respects.
{¶ 6} Appellees notified the court on March 19, 2015, that Pietrangelo had been provided with copies of the relevant invoices with the information contained in the professional-fee summary.
{¶ 7} This matter is before the court on Pietrangelo’s appeal as of right.
*294 {¶ 8} “Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio’s Public Records Act.” State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). This court construes the Public Records Act liberally in favor of broad access and resolves any doubt in favor of disclosure of public records. State ex rel. Rocker v. Guernsey Cty. Sheriff’s Office, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6.
{¶ 9} R.C. 149.43(A)(l)(v) excludes “[r]ecords the release of which is prohibited by state or federal law” from the definition of “public record.” Any exception to disclosure under the Public Records Act is strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. State ex rel. Cincinnati Enquirer v. Jones-Kelley, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus.
{¶ 10} This court has held that the narrative portions of itemized attorney-fee billing statements containing descriptions of legal services performed by counsel are protected by the attorney-client privilege. State ex rel. Dawson v. Bloom-Carroll Local School Dist., 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 28-29; see also State ex rel. McCaffrey v. Mahoning Cty. Prosecutor’s Office, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 36. Other information on the billing statements — e.g., the general title of the matter being handled, the dates the services were performed, and the hours, rate, and money charged for the services — is considered nonexempt and must be disclosed. State ex rel. Anderson v. Vermilion, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, ¶ 15.
{¶ 11} Pietrangelo contends that the court of appeals erred in denying him mandamus relief that would require appellees to release all the dates of legal services performed and the hours and rates of services, not just the description of that information provided in the professional-fee summary on the invoice. Piet-rangelo argues that he is entitled to this information based on Anderson, in which this court stated: “Under the Public Records Act, insofar as these itemized attorney-billing statements contain nonexempt information, e.g., the general title of the matter being handled, the dates the services were performed, and the hours, rate, and money charged for the services, they should have been disclosed to Anderson.” Id.
{¶ 12} In Anderson, the relator, a former mayor of the city of Vermilion, requested itemized billing statements for legal services rendered to the city at the beginning of the new mayor’s term in office. Id. at ¶ 2-3. The city denied the entire request on the basis that the requested information was exempt from disclosure under the attorney-client privilege. Id. at ¶ 4.
{¶ 13} Anderson filed a petition in the court of appeals for a writ of mandamus. The court of appeals denied the writ. This court reversed and remanded the case *295 for further proceedings, id. at ¶27, stating that there may be nonexempt information on the itemized billing statements, “e.g., the general title of the matter being handled, the dates the services were performed, and the hours, rate, and money charged for the services,” that should have been disclosed to the relator, id. at ¶ 15. If so, the relator was entitled to that portion of the billing statements after redaction of the narrative portions that were covered by the attorney-client privilege. Id. at ¶ 23.
{¶ 14} Appellees in this’ case distinguish Anderson and rely on Dawson, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, in which the relator sought billing statements for legal services to the school district for pending litigation involving the relator and her children. Id. at ¶ 1. The district provided summaries of the invoices noting the attorney’s name, invoice total, and the matter involved but withheld the actual invoices because they contained what it considered to be confidential information. Id. at ¶ 2.
{¶ 15} Dawson filed a petition for a writ of mandamus seeking release of the actual itemized statements. This court concluded that the school district properly responded to the relator’s request by providing her with summaries of the invoices. Id. at ¶ 29. We denied the writ, explaining that “[t]he withheld records [were] either covered by the attorney-client privilege or so inextricably intertwined with the privileged materials as to also be exempt from disclosure.” Id.
{¶ 16} Appellees maintain that the facts in this case resemble Dawson. We agree. Like Dawson, the records that Pietrangelo seeks relate to the pending litigation between the parties. If disclosed, Pietrangelo may acquire information that would be useful in his litigation strategy against the city, whereas in Anderson, any harm from disclosure of attorney-client communication was remote or speculative.
{¶ 17} Appellees in this case have disclosed all the nonexempt portions of the records, including the information summarized within the professional-fee summary. To the extent that Pietrangelo requests the dates, hours, and rates not identified in the professional-fee summary, they are inextricably intertwined with the narratives of services that are privileged materials. Such information is exempt from disclosure. Dawson, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, at ¶ 29.
{¶ 18} Pietrangelo also contends that the court of appeals erred in denying him statutory damages of $1,000. We agree with the court of appeals that “a large portion of the billing statements at issue in this case w[as] exempt from disclosure and, given the interplay between Dawson and Anderson, a well-informed public office could reasonably have believed that the nonexempt portion of the billing statements could be withheld from disclosure. Anderson at ¶ 26.” 9th Dist. Lorain No. 14CA010571, 4-5 (Mar. 11, 2015). The court of appeals did *296 not abuse its discretion in denying Pietrangelo’s request for statutory damages. See R.C. 149.43(C); see also State ex rel. Doe v. Smith, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 37 and 40.
{¶ 19} Finally, Pietrangelo contends that the court of appeals erred when it denied his motion seeking sanctions and to strike portions of appellees’ answer as frivolous. We do not agree. Pietrangelo failed to establish that he was entitled to the relief requested under Civ.R. 11 and 12(F). The court of appeals did not abuse its discretion when it denied his motion. State ex rel. Dreamer v. Mason, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 18.
{¶ 20} Pietrangelo failed to demonstrate that he is entitled to extraordinary relief in mandamus. We affirm the judgment of the court of appeals.
Judgment affirmed.
O’Connor, C.J., and Pfeifer, O’Donnell, Lanzinger, and O’Neill, JJ., concur.
Kennedy, J., concurs in part and dissents in part, with an opinion joined by French, J.