[Cite as *Kraemer v. Kraemer*, 2018-Ohio-3847.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


|  |  |  |
|---|---|---|
| BRADLEY M. KRAEMER, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-08-120 |
| | : | O P I N I O N |
| - vs - | | 9/24/2018 |
| | : | |
| KERRI L. KRAEMER, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2007-08-1019


Traci Combs-Valerio, 1248 Nilles Road, Suite 7, Fairfield, Ohio 45014, for plaintiff-appellee

Zachary D. Smith, Centennial Plaza III, 895 Central Avenue, Suite 305, Cincinnati, Ohio 45202, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Kerri Kraemer ("Mother"), appeals from the decision of the Butler County Court of Common Pleas, Domestic Relations Division, which denied her motion to declare Butler County an inconvenient forum in a custody dispute between her and plaintiff-appellee, Bradley Kraemer ("Father"). For the reasons described below, this court affirms the domestic relations court's decision.

{¶ 2} Mother and Father, both originally from northern Kentucky, wed in 1998. The couple then moved to Butler County, Ohio. Children were born of the marriage in 2002 and 2005.

{¶ 3} In 2007, Father filed a complaint for divorce in Butler County. Mother left the marital home and began residing at her parents' home in Villa Hills, Kenton County, Kentucky. In 2008, the Butler County domestic relations court issued a decree of divorce, which incorporated the terms of a separation agreement naming Mother the residential parent and legal custodian and granting Father parenting time on Wednesday, Thursday, and every other Saturday.[1]

{¶ 4} In 2009, Mother filed a contempt motion and issued discovery documents related to Father's alleged failure to pay child support and make agreed loan payments on a vehicle. The court held a hearing, the parties reached an agreement on all issues, and Mother withdrew the motion.

{¶ 5} For the next eight years, the children resided with Mother at Mother's parents' home in northern Kentucky during which time the parties filed no post-decree motions. The children attended grade school in Kentucky. Father and the paternal grandparents continued to enjoy weekly parenting time with the children pursuant to the separation agreement. Parenting time exchanges took place at a family member's home in Glendale, Ohio, or at locations in Butler County.

{¶ 6} In 2017, when the children were ages 14 and 12, Father moved the Butler County court to designate him sole custodial parent. Father alleged a change in the children's situation, that Mother was attempting to alienate the children from Father, and that the eldest child had indicated a desire to no longer live with Mother.

---

1. By agreement of the parties, the children spent Thursday with their paternal grandparents, residents of northern Kentucky.

- 2 -

{¶ 7} Mother responded by moving the court to declare Butler County an inconvenient forum and stay custody proceedings until the case could be transferred to Kentucky. Mother argued that she and the children had lived in Kentucky for many years and that most of the evidence and witnesses related to custody would be found in Kentucky.

{¶ 8} The court held a hearing limited to the issues raised in Mother's motion. Mother and Father testified. Following the hearing, the court issued a decision finding that Mother had not demonstrated that Butler County was an inconvenient forum. Mother appeals, raising two assignments of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DENY JURISDICTION.

{¶ 11} In this assignment of error, Mother argues that the evidence presented at the hearing established that Butler County was an inconvenient forum. Mother further contends that the court based its decision on evidence concerning the parties' financial circumstances that was not admitted into evidence and that the court improperly considered Mother's filing of a contempt motion.

{¶ 12} Initially, Father argues that the domestic relations court's decision is not a final appealable order. This court has previously exercised jurisdiction over an appeal arising from an inconvenient forum motion, although the decision did not address the issue of whether the decision was a final appealable order. *Urteaga v. Urteaga*, 12th Dist. Warren No. CA2014-08-109, 2015-Ohio-2465. Two courts of appeal that have addressed the issue have concluded that a decision arising from an inconvenient forum motion is a final appealable order. *Critzer v. Critzer*, 8th Dist. Cuyahoga No. 90679, 2008-Ohio-5126, ¶ 9; *Buzard v. Triplett*, 10th Dist. Franklin No. 05AP-579, 2006-Ohio-1478, ¶ 8-11; *contra Buxton v. Mancuso*, 5th Dist. Knox No. 09 CA 22, 2009-Ohio-6839, ¶ 13-14. This court has

- 3 -

jurisdiction to review "final orders," which include an "order that affects a substantial right made in a special proceeding* * *." R.C. 2505.02(B)(2). A divorce and related custody proceedings qualify as a "special proceeding" pursuant to R.C. 2505.02(B)(2). *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994); *In re Murray*, 52 Ohio St.3d 155, 161 (1990). A "substantial right" means "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). R.C. 3127.21 grants a party a right to contest the convenience of a forum in a child custody matter. Moreover, "[c]ustody proceedings affect substantial rights." *James* at 378. Thus, this court finds that an order denying an inconvenient forum motion in a custody matter is a final appealable order. [2]

{¶ 13} This court reviews a domestic relations court's decision on a motion to declare an inconvenient forum for an abuse of discretion. *Urteaga* at ¶ 15. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Ohio adopted the Uniform Child Custody Jurisdiction and Enforcement Act in R.C. 3127.01 through 3127.53. The purpose of the act is to avoid jurisdictional issues and competition between different states with respect to child custody issues. *Urteaga* at ¶ 13. The intent is to ensure that a state does not exercise jurisdiction over a child custody matter if a court in another state was already exercising jurisdiction over the child in a custody proceeding. *Id.*

{¶ 14} R.C. 3127.21 provides a domestic relations court with discretion to transfer jurisdiction of a custody matter to a different state upon a finding that, (1) the Ohio court "is an inconvenient forum under the circumstances[,]" and (2) that "a court of another state is a

---

2. This court has held otherwise. *In re Adoption of Favaron*, 12th Dist. Clermont No. CA90-01-002, 1990 Ohio App. LEXIS 2146 (May 29, 1990). However, *Favaron*, predated the statute at issue in this case, R.C. 3127.21, and *In re Murray*.

more convenient forum." R.C. 3127.21(A). The statute provides that the court shall first "consider whether it is appropriate for a court of another state to exercise jurisdiction" and then proceed to determine whether the Ohio court is an inconvenient forum. R.C. 3127.21(B). In analyzing these issues, the court is required to consider "all relevant factors" including the following delineated factors:

> (1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (2) The length of time the child has resided outside this state;
>
> (3) The distance between the court in this state and the court in the state that would assume jurisdiction;
>
> (4) The relative financial circumstances of the parties;
>
> (5) Any agreement of the parties as to which state should assume jurisdiction;
>
> (6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;
>
> (7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;
>
> (8) The familiarity of the court of each state with the facts and issues in the pending litigation.

R.C. 3127.21(B).

{¶ 15} Upon review, this court does not find that the domestic relations court abused its discretion in concluding that Mother failed to establish that Ohio was an inconvenient forum. The court considered the relevant statutory factors. The court found that the children lived in Ohio until 2007. The children continued to have weekly contact with Butler County through Father's parenting time. Mother returned to Ohio on an almost weekly basis to facilitate visitation. The court noted a 30- to 40-mile distance between Butler County and Kenton County. The court found that the availability of witnesses was not materially affected

by the Butler County court maintaining jurisdiction. The court found that the income, living circumstances, and support of the parties was similar. Finally, the court observed that Mother had one post-decree filing with the Butler County court, but the parties had no contact with any other court regarding the divorce and custody matter.

{¶ 16} Mother argues that the weight of the evidence should have indicated that Ohio was an inconvenient forum because she and the children resided continuously in Kentucky for ten years and because most of the witnesses and evidence related to determination of custody of the children would be in Kentucky. These facts would tend to indicate that it would be more convenient for Mother to litigate in Kentucky. However, in addition to demonstrating that Kentucky would be a convenient forum, the law required Mother to demonstrate that Ohio was an inconvenient forum. In this regard, Mother and the children's long-term residence in northern Kentucky, some 30 or 40 miles away from Butler County, did not establish that Ohio was an inconvenient forum. Moreover, the length of time the children have resided out-of-state was only one fact of many considered by the court in rendering its decision.

{¶ 17} *Urteaga* is instructive. A mother and father lived with their children in Ohio. 2015-Ohio-2465 at ¶ 2. After the mother filed for divorce in Ohio, the father moved to Pennsylvania. The following year, pursuant to a shared parenting plan, the children left Ohio to reside with the father in Pennsylvania. *Id.*

{¶ 18} In the two years following the divorce, the mother filed multiple motions attempting to modify the parties' shared parenting plan, which the parties litigated in Ohio. *Id.* at ¶ 3, 4. The mother's attempts to alter the custody arrangement were unsuccessful until her fourth motion to modify. *Id.* at ¶ 5. The court found a change of circumstance and scheduled a best interest hearing. *Id.* The father then moved the court to find Ohio an inconvenient forum and transfer jurisdiction to Pennsylvania. *Id.* at ¶ 6.

- 6 -

{¶ 19} The domestic relations court denied the father's inconvenient forum motion on the basis that it was familiar with the facts of the case and was concerned with the timing of the motion. *Id.* at ¶ 7-8. The domestic relations' court acknowledged that most of the evidence would be found in Pennsylvania and there was a significant driving distance of 10 to 11 hours between the Pennsylvania court and the Ohio court. *Id.* at ¶ 8. Nonetheless, the court stated that evidence could be presented to the court through depositions. *Id.* at ¶ 7. The court noted that the children had resided in Pennsylvania for two years, which weighed in the father's favor. However, this was only one factor of eight to be considered and the father had not demonstrated that Ohio was an inconvenient forum. *Id.* at ¶ 9. In affirming the decision, this court rejected the father's argument on appeal that the children's residence in Pennsylvania and the presence of evidence there should have been dispositive of the issue of convenience. *Id.* at ¶ 18-19. The statute did not assign any weight to the statutory factors and thus the lower court had the discretion to determine the weight to afford each factor. *Id.* at ¶ 19.

{¶ 20} Mother distinguishes this case from *Urteaga* because the children resided outside Ohio for much longer than two years. However, as this court found in *Urteaga*, the length of the children's out-of-state residence is simply one factor under consideration and is not necessarily dispositive of the issue of convenience. Other facts in this case suggest that Ohio is a more convenient forum than Pennsylvania was in *Urteaga*, including the approximate 30 to 40 miles separating the two jurisdictions as opposed to 10 to 11 hours of driving.

{¶ 21} Next, Mother contends that the court erred in its consideration of the financial circumstances of the parties. Mother argues that the court based its decision on Father's W-2 information, which was not admitted into evidence. However, while Father's W-2's were not admitted at the hearing, Father testified concerning their content. Mother also argues that

the court ignored a significant disparity between Father's and Mother's incomes. The court found that the parties incomes were similar considering their living circumstances. The court may have based this finding on Mother's testimony that she had not paid rent for ten years while living with her parents and her household expenses were to "contribute to groceries" and "day-to-day" expenses. We find no abuse of discretion with respect to this aspect of the court's decision.

{¶ 22} Finally, Mother contends that the court should not have considered her filing of a post-decree contempt motion in Butler County. Mother argues that she was required by law to seek enforcement of the child support order in Ohio and thus could not have initiated proceedings in Kentucky.[3] Assuming Mother's contention is accurate, the court's consideration of this factor does not evidence an abuse of discretion under the circumstances of this case. Again, this was one fact of many considered by the court in arriving at its decision. More importantly, this fact did not tend to prove or disprove that Ohio was an inconvenient forum.

{¶ 23} The court's decision reveals that it properly considered all relevant evidence submitted at the hearing, including the relevant statutory factors. Ultimately, the evidence indicated that Kentucky would be a more convenient forum for Mother to litigate the case. However, the evidence failed to establish that Ohio was an inconvenient forum. The lower court acted within its discretion in denying Mother's motion and this court overrules Mother's first assignment of error.

{¶ 24} Assignment of Error No. 2:

{¶ 25} THE TRIAL COURT ERRONEOUSLY SUSTAINED APPELLEE'S

---

3. As discussed, Mother's contempt motion was not limited to enforcement of child support payments, but also raised an issue with respect to Father's agreement to pay a marital debt related to a vehicle. Mother does not explain if her argument, that she was required to file in Ohio, extends beyond child support enforcement proceedings.

OBJECTION REGARDING ATTORNEY'S FEES.

{¶ 26} Mother argues that the court erred in declining to allow her to question Father concerning Father's billing arrangement with his counsel on the basis that the information sought was protected by the attorney-client privilege. Mother contends that the information sought was relevant and not privileged.

{¶ 27} Father is a criminal defense attorney. During Father's cross-examination, Mother's counsel questioned Father concerning his financial arrangement with his attorney in the custody case. Father's counsel objected, asserting that such information was protected by the attorney-client privilege. Mother's counsel explained that she anticipated that Father would testify that he was receiving discounted legal services or had not paid a retainer or signed a fee agreement (presumably as a favor from a fellow attorney). The court sustained the objection and did not permit further questioning on the subject.

{¶ 28} The admission or exclusion of relevant evidence rests within the lower court's sound discretion. *Fox v. Fox*, 12th Dist. Clermont No. CA2013-08-066, 2014-Ohio-1887, ¶ 13. The attorney-client privilege is the oldest of the privileges for confidential communications known to common law. *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677 (1981). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Id.* In Ohio, the attorney-client privilege is governed by statute, R.C. 2317.02(A), which provides a testimonial privilege, and in situations not encompassed by that statute, by common law, which broadly protects against any dissemination of information obtained in the confidential attorney-client relationship. *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, ¶ 18.

{¶ 29} Mother cites several Ohio Supreme Court mandamus actions involving public record requests for the proposition that "non-narrative" portions of attorney-billing records such as "dates, hours and rates" are not ordinarily privileged. *State ex rel. Pietrangelo v. Avon Lake*, 146 Ohio St.3d 292, 2016-Ohio-2974; *State ex rel. Anderson v. Vermilion*, 134 Ohio St.3d 120, 2012-Ohio-5320; *State ex rel. Dawson v. Bloom-Carrol Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009. The information contained in an attorney's billing records are different than what is presented in a typical fee agreement. Thus, it is not apparent that the rationale of this line of cases is applicable to the issue at hand.

{¶ 30} This court finds that the lower court acted within its discretion in declining to allow Mother's counsel's inquiry into the financial arrangement between Father and his counsel. The information sought was relevant to Father's financial circumstances. Nonetheless, the question posed necessarily required Father to reveal potentially privileged communications between himself and counsel. Moreover, Mother's claim that she expected Father to testify that he was receiving free or discounted legal services appears to be speculative. Even if Mother's belief was accurate, such evidence would not have established that Ohio was an inconvenient forum but merely established that Father had a greater financial ability to litigate the matter in Kentucky. Accordingly, this court overrules Mother's second assignment of error.

{¶ 31} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.