[Cite as *State ex rel. Ames v. Baker, Dublikar, Beck, Wiley & Mathews*, 2023-Ohio-263.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | CASE NO. 2021-P-0046 |
| Relator, | Original Action for Writ of Mandamus |
| - v - | |
| BAKER, DUBLIKAR, BECK, WILEY & MATHEWS, et al., | |
| Respondents. | |

**O P I N I O N**

Decided: January 30, 2023
Judgment: Petition dismissed

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator).

*James F. Mathews* and *Andrea K. Ziarko*, Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Respondent, Baker, Dublikar, Beck, Wiley & Mathews).

*Robert J. Gehring* and *Saba Nishat Alam*, Buechner, Haffer, Meyers & Koenig Co., LPA, 221 East Fourth Street, Suite 2300, Cincinnati, OH 45202 (For Respondent, Ohio Township Association Risk Management Authority).

*Donald Patrick Kasson* and *Thomas Neil Spyker*, Reminger Co., LPA, 200 Civic Center Drive, Suite 800, Columbus, OH 43215 (For Respondent, Public Entity Risk Services of Ohio).

MARY JANE TRAPP, J.

{¶1}   In *State ex rel. Ames v. Baker, Dublikar, Beck, Wiley & Mathews*, --- Ohio St. 3d ---, 2022-Ohio-3990, --- N.E.3d --- (*"Ames II"*), the Supreme Court of Ohio determined that this court misapplied the Civ.R. 12(B)(6) standard of review.  *See id.* at ¶

18. According to the court, Mr. Ames alleged "[t]here is no attorney-client privileged information reflected on the invoices." *Id.* at ¶ 17. Instead of presuming the truth of his allegation, as Civ.R. 12(B)(6) required,[1] this court "concluded that the invoices contained privileged information." *Id.* Specifically, this court determined that "[a] review of the legal invoices Baker Dublikar provided to Mr. Ames reveals * * * that the descriptions of the legal services provided by counsel *were appropriately redacted*" and that "the legal invoices * * * *were properly redacted* under the attorney-client privilege." (Emphasis added.) *State ex rel. Ames v. Baker, Dublikar, Beck, Wiley & Mathews*, 11th Dist. Portage No. 2021-P-0046, 2022-Ohio-171, ¶ 41, ¶ 53 (*"Ames I"*). The Supreme Court reversed and remanded for further proceedings and expressly instructed this court "to conduct an in camera inspection of the contested invoices." *Ames II* at ¶ 18.

{¶2} Upon remand from the Supreme Court of Ohio and in accordance with its mandate, the respondents were ordered by this court to submit the unredacted copies of the invoices for legal services the Baker, Dublikar, Beck, Wiley & Mathews law firm ("Baker Dublikar") provided to Rootstown that relate to the cases brought by Mr. Ames against Rootstown, specifically, 2017CV00410, 2019CV00180, 2019CV00226, 2019PA00019, 2019PA00114, 2020PA00001, 2020PA00063, 2020-0248, and 2020-1235, for an in camera inspection. On December 27, 2022, respondents submitted the

---

1. The court has also held that "unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989). It is debatable whether Mr. Ames' allegation was factual in nature. Mr. Ames has not challenged the extent of Baker's redactions. *See, e.g.*, *State ex rel. Welden v. Ohio State Med. Bd.*, 2011-Ohio-6560, 968 N.E.2d 1041, ¶ 12 (10th Dist.). He is attempting to establish a new rule of law—the "[a]ttorney-client privilege does not apply to invoices for legal services provided to a public body." Amended Petition at ¶ 52.

2

invoices, and this court has reviewed each of the 24 invoices itemized in the "Public Records Request-Privilege Log" submitted with the invoices.

**In Camera Inspection**

{¶3} Our in camera inspection of the unredacted invoices and our review of Mr. Ames' complaint reveals he has been provided with the legal invoices he sought, which were properly redacted per the attorney-client privilege exception. Furthermore, Mr. Ames cannot establish claims for statutory damages, attorney fees, and/or costs. Since Mr. Ames cannot establish any claim upon which relief may be granted, respondents' motions to dismiss are granted.

{¶4} In its opinion remanding this matter, the Supreme Court of Ohio reaffirmed that "[u]nder existing caselaw, an invoice for a legal service provided to a public-office client is a public record, with the caveat that the narrative portion of the invoice describing the service is protected from disclosure by the attorney-client privilege." *Ames II* at ¶ 15, citing, inter alia, *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524. This is because itemized bills "'necessarily reveal confidential information.'" *Dawson* at ¶ 28, quoting *Hewes v. Langston*, 853 So.2d 1237, ¶ 45 (Miss.2003).

{¶5} In *Dawson*, the court provided the rationale underlying the protection for the narrative statements of legal services provided: "'billing records describing the services performed for [the attorney's] clients and the time spent on those services, and any other attorney-client correspondence * * * may reveal the client's motivation for seeking legal representation, the nature of the services provided or contemplated, strategies to be employed in the event of litigation, and other confidential information exchanged during

3

the course of the representation. * * * [A] demand for such documents constitutes "an unjustified intrusion into the attorney-client relationship."'" *Id.* at ¶ 28, quoting *In re Horn*, 976 F.2d 1314, 1317 (9th Cir.1992), quoting *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir.1982).

{¶6} "When a governmental body asserts that public records are excepted from disclosure and such assertion is challenged, the court must make an individualized scrutiny of the records in question. If the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released." *State ex rel. Natl. Broadcasting Co., Inc.* v. *Cleveland*, 38 Ohio St.3d 79, 526 N.E.2d 786 (1988), paragraph four of the syllabus; *see also State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 57 Ohio St.3d 77, 81, 566 N.E.2d 146 (1991) ("An *in camera* inspection remains the best procedure * * * [to] apply the relevant statutory exceptions to the records").

{¶7} The Supreme Court of Ohio has held that "the narrative portions of itemized attorney-fee billing statements *containing descriptions of legal services performed by counsel* are protected by the attorney-client privilege. * * * Other information on the billing statements—e.g., the general title of the matter being handled, the dates the services were performed, and the hours, rate, and money charged for the services—is considered nonexempt and must be disclosed." (Emphasis added.) *State ex rel. Pietrangelo v. Avon Lake*, 146 Ohio St.3d 292, 2016-Ohio-2974, 55 N.E.3d 1091, ¶ 10; *see also Dawson* at ¶ 28, quoting *State ex rel. Alley v. Couchois*, 2d Dist. Miami No. 94-CA-30, 1995 WL 559973, *4 (Sept. 20, 1995) ("To the extent that narrative portions of attorney-fee statements are '*descriptions of legal services performed by counsel for a client*,' they are

4

Case No. 2021-P-0046

protected by the attorney-client privilege because they '*represent communications from the attorney to the client about matters for which the attorney has been retained by the client.*'"). (Emphasis added.)

**{¶8}** In this matter, only the narrative portions of the billing records were redacted. The dates of service, the hours, rates, and dollar amounts charged, along with descriptions of any costs incurred for court reporters and like services, were not redacted.

**{¶9}** Following these standards, we find that the billing records provided to Mr. Ames were all appropriately redacted, and that Mr. Ames' public records request was fulfilled according to law.

## Final Disposition of the Motions to Dismiss

**{¶10}** "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. * * * Thus, the movant may not rely on allegations or evidence outside the complaint; otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992).

**{¶11}** For example, in *Pride v. Ohio Civ. Rights Comm.*, 10th Dist. Franklin No. 87AP-665, 1987 WL 26291 (Dec. 3, 1987), the Tenth District recognized that remanding a case to a trial court for an in camera inspection of records would, "as a practical matter, require the court to consider matters outside the pleading." *Id.* at *4. Therefore, it stated, "where a civil defendant files a motion to dismiss in cases such as this, the court may convert the matter to a motion for summary judgment pursuant to Civ.R. 12(B) to expedite the matter." *Id.*

5

Case No. 2021-P-0046

**{¶12}** However, "[m]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, 673 N.E.2d 1281 (1997), fn. 1. Further, "[a] court is not required to accept allegations in a complaint as true when they are contradicted by documents attached to the complaint." *State ex rel. Washington v. D'Apolito*, 156 Ohio St.3d 77, 2018-Ohio-5135, 123 N.E.3d 947, ¶ 10.

**{¶13}** Here, the Supreme Court of Ohio expressly acknowledged that "the materials incorporated into Ames's petition included *redacted* invoices sent to Ames by the Baker firm." (Emphasis sic.) *Ames II* at ¶ 16. We find no Ohio authority holding that redaction (or lack thereof) changes a document's identity. Thus, Baker's unredacted invoices may be considered under Civ.R. 12(B)(6). *See Allied Erecting & Dismantling Co., Inc. v. U.S. Steel Corp.*, N.D.Ohio No. 4:12CV1390, 2013 WL 5442276, *1 (Sept. 27, 2013), fn. 1 (court reviewed redacted and unredacted versions of the controlling contracts without converting a motion to dismiss into one for summary judgment); *DeLoge v. Desoto Cty. Sheriff's Dept.*, 230 So.3d 1026, 1030 (Miss.App.2017) (court's in camera review of documents was not outside of the pleadings as would require the court to convert the motion to dismiss into one for summary judgment).

**{¶14}** Inasmuch as we have determined as a matter of law that Mr. Ames is not entitled to receive the unredacted attorney fees invoices and that respondents did not fail to comply with obligations under R.C. 149.43, we determine Mr. Ames has failed to state a claim for statutory damages, attorney fees, or costs.

**{¶15}** In conclusion, there are no claims upon which relief can be granted since Mr. Ames received the legal invoices he requested, which were properly redacted under

6

the attorney-client privilege. Further, Mr. Ames cannot establish claims for statutory damages, attorney fees, or costs. Thus, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus, and we grant respondents' motions to dismiss.

JOHN J. EKLUND, P.J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.

7