[Cite as *State ex rel. Ames v. Northfield Ctr. Twp. Bd. of Trustees*, 2025-Ohio-5115.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. BRIAN M.
AMES

    Relator

    v.

NORTHFIELD CENTER TOWNSHIP
BOARD OF TRUSTEES, et al.

    Respondent

C.A. No.    31323

ORIGINAL ACTION IN MANDAMUS

Dated:  November 12, 2025

PER CURIAM.

{¶1}    Relator, Brian M. Ames, has petitioned this Court for a writ of mandamus against Respondents, Northfield Center Township Board of Trustees ("the Board") and Baker | Dublikar Law Firm ("the Firm").[1]  He seeks an award of statutory damages, costs, and attorney fees.  The parties have each moved for judgment on the pleadings.  For the following reasons, we deny the writ, deny Mr. Ames' motion for judgment on the pleadings, and grant the motions filed by the Board and the Firm.

**Background**

---

[1] The petition originally included two additional respondents: Public Entity Risk Services of Ohio and Ohio Township Association Risk Management Authority.  Mr. Ames and those respondents executed a stipulated dismissal entry wherein he agreed to dismiss them from this action with prejudice.  Civ.R. 41(A)(1).  Consequently, we limit our discussion to the remaining respondents.

{¶2} Mr. Ames filed a civil action against the Board, alleging violations of the Open Meetings Act. It is undisputed that the Firm represented the Board in that civil action. While that litigation was pending, Mr. Ames emailed the Board a public records request. He asked for copies of legal service invoices provided to the Board in his civil case against it.

{¶3} The Board's Director of Services responded to Mr. Ames' request within three days. He emailed Mr. Ames an invoice for legal services provided by the Firm through November 4, 2024. The invoice was heavily redacted. Mr. Ames quickly responded and indicated that the redactions were too extensive. Later that same day, the Board forwarded him an email from an attorney at the Firm. The email explained that the invoice had been redacted due to the pending litigation (i.e., his civil action against the Board) and Ohio Supreme Court precedent on that issue. Several hours after the Board forwarded the Firm's email, Mr. Ames filed this mandamus action.

**The Public Records Act, Mandamus, and Mootness**

{¶4} "The Public Records Act requires a custodian of public records to make records available when properly requested." *State ex rel. Ames v. Big Walnut Loc. Sch. Dis. Bd. of Edn.*, 2025-Ohio-2493, ¶ 9. "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6. "'In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot.'" *State ex rel. Mobley v. LaRose*, 2024-Ohio-1909, ¶ 7, quoting *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 14. *See also State ex rel. Eubank v. McDonald*, 2013-Ohio-72, ¶ 1 ("Mandamus will not lie to compel an act that has already been performed.").

{¶5} Mr. Ames' petition asks this Court to order the Board and the Firm to provide him with unredacted copies of the legal invoices he requested. Mr. Ames, the Board, and the Firm

have filed competing motions for judgment on the pleadings. While they disagree about the date on which the Board complied with Mr. Ames' request, *see* Discussion of Statutory Damages, *infra*, they nevertheless agree that he received the public records he requested. Mr. Ames concedes that, at the very latest, the responsive records he sought were sent one month after he filed his petition. *See State ex rel. Ames v. Summit County Court of Common Pleas*, 2020-Ohio-354, ¶ 5 (evidence outside allegations in petition may be considered in determining whether the case is moot). Because Mr. Ames has already received the records he requested, his mandamus claim is moot. *See State ex rel. Mobley* at ¶ 7, quoting *State ex rel. Toledo Blade Co.* at ¶ 14. Accordingly, we deny the writ. *See State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2025-Ohio-1027, ¶ 33.

### Judgment on the Pleadings

{¶6}    While Mr. Ames' request for a writ of mandamus is moot, his requests for statutory damages, costs, and attorney fees are not. *See State ex rel. Castellon v. Rose*, 2025-Ohio-1491, ¶ 11. He moves for judgment on the pleadings on those requests. Likewise, the Board and the Firm move for judgment on the pleadings.

{¶7}    Upon review of a motion for judgment on the pleadings, "a court must construe as true the material allegations made in the complaint, along with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party." *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, ¶ 13. "Judgment is proper only if it appears beyond doubt that the nonmoving party can prove no set of facts entitling it to relief." *Id.* Thus, the court must be able to determine "that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). "In deciding a motion for judgment on the pleadings, this Court reviews only the 'material allegations in the pleadings,' and any attachments thereto." *State ex rel. Maher v. City of Akron*,

2018-Ohio-4310, ¶ 8 (9th Dist.), quoting *Cashland Fin. Servs., Inc. v. Hoyt*, 2013-Ohio-3663, ¶ 7 (9th Dist.); Civ.R. 10(C).

### Material Allegations and Attachments to the Pleadings

{¶8}    In his petition, Mr. Ames alleged that he emailed the Board a public records request, asking for copies of legal service invoices in the civil action he brought against it.  He attached a copy of his email request to his petition.  Mr. Ames acknowledged in his petition that the Board does not receive copies of the Firm's invoices.  Instead, the Firm sends invoices to a separate entity that handles claim processing for the Board and other Ohio Townships.  Mr. Ames alleged that, three days after he emailed the Board, he received a response from its Director of Services.  The response included a heavily redacted invoice for legal services.  Mr. Ames alleged that the invoice "was issued by [the Firm] Attorney Tonya Rogers to the [Board] who in turn provided it to [him] with the Response."  He further alleged that no explanation or legal authority for the redactions was provided with the response he received.  He attached to his petition a copy of the email response and invoice he received.  The invoice consisted of three pages and had columns for "Date", "By", "Services", "Hours", "Rates", and "Amount".  The only unredacted columns on the first page were the "Rates" and "Amount" columns.  The only unredacted column on the second page was the "Amount" column.  The third page was unredacted and set for the total number of hours expended and total amount of services billed.

{¶9}    In its answer to the petition, the Firm admitted it had been retained to defend the Board against a civil action brought by Mr. Ames.  The Firm admitted that it ordinarily did not submit invoices directly to the Board.  In this instance, an attorney with the Firm issued a redacted invoice to the Board so the Board could provide it to Mr. Ames.  The Firm alleged that, later that same day, Mr. Ames was provided with a legal explanation for the redactions.  Specifically, an

explanation was emailed (1) directly to Mr. Ames by the Board, and (2) to his legal counsel in the civil action he filed against the Board. The Firm attached copies of those emails to its answer. The emails showed that, the same day the Board emailed Mr. Ames a redacted invoice, it forwarded him an email from Tonya Rogers, an attorney from the Firm. In the email, the attorney explained and provided legal authority for the redactions she made to the invoice before issuing it to the Board.

{¶10} The allegations set forth in the Board's answer mirror the allegations set forth in the Firm's answer. The Board admitted that the Firm was tasked with defending it in the civil action Mr. Ames had brought against it. The Board admitted that it ordinarily did not receive invoices from the Firm but nevertheless procured those records in response to Mr. Ames' request. The Board alleged that it promptly produced the invoices and, shortly thereafter, provided a legal explanation for the redactions. Much like the Firm, the Board alleged that the explanation for the redactions was provided directly to Mr. Ames and to his legal counsel in the civil action he filed against the Board. The Board attached to its answer the same emails that the Firm attached. Additionally, the Board attached evidence of an email and letter the Firm sent Mr. Ames one month after he filed his petition for writ of mandamus. That correspondence included a modified version of the legal services invoice Mr. Ames had been sent. The invoice was modified in that it contained fewer redactions. Specifically, only the "Services" column was redacted. The correspondence indicated that, while the initial redactions were lawful, the Firm was producing the modified copy "in good faith to resolve the purported dispute."

## Statutory Damages

{¶11} "Statutory damages are authorized if a court determines that the public office failed to comply with an obligation set forth in R.C. 149.43(B)." *State ex rel. Ware v. Kurt*, 2023-Ohio-

202, ¶ 30 (9th Dist.). Mr. Ames argues that he is entitled to statutory damages because (1) the initial invoice he received from the Board included unwarranted redactions, (2) the redactions amounted to a denial of his public records request, (3) the Board's immediate response did not include an explanation for the denial, and (4) he was not provided with a modified copy of the invoice for over a month. Meanwhile, the Board and the Firm insist they are entitled to judgment because the initial invoice the Board sent Mr. Ames contained appropriate redactions and he received an explanation for those redactions. They argue that the redactions were warranted because the requested invoices stemmed from a pending lawsuit rather than completed litigation. Further, they argue that there is no statutory authority requiring a public office to include requested documents and an explanation for any redactions to those documents in the same email.

### 1. Was there a Statutory Obligation to Disclose?

{¶12} "If a record does not meet the definition of a public record, or falls within one of the exceptions to the law, the records custodian has no obligation to disclose the document." *State ex rel. Plunderbund Media v. Born*, 2014-Ohio-3679, ¶ 18. "Any exception to disclosure . . . is strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception." *State ex rel. Pietrangelo v. Avon Lake*, 2016-Ohio-2974, ¶ 9, citing *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus.

{¶13} "[A]n invoice for a legal service provided to a public-office client is a public record, with the caveat that the narrative portion of the invoice describing the service is protected from disclosure by the attorney-client privilege." *State ex rel. Ames v. Baker, Dublikar, Beck, Wiley & Mathews*, 2022-Ohio-3990, ¶ 15. A public office generally must disclose nonexempt information on legal service invoices such as "the general title of the matter being handled, the dates the

services were performed, and the hours, rate, and money charged for the services . . . ." *See also State ex rel. Anderson v. Vermillion*, 2012-Ohio-5320, ¶ 15. In the case of pending litigation, however, itemized dates, hours, and rates are "inextricably intertwined with the narratives of services that are privileged materials." *State ex rel. Pietrangelo v. Avon Lake*, 2016-Ohio-2974, ¶ 17. In those instances, "[s]uch information is exempt from disclosure." *Id.*

{¶14} Upon review of the evidence, the Board and the Firm have established that they lawfully redacted the initial invoice they provided Mr. Ames. There is no dispute that, at the time Mr. Ames requested legal service invoices from the Board, he and the Board were actively engaged in litigation. Mr. Ames sought invoices related to that civil action. Because the action was pending, the Board and the Firm were not obligated to release an itemized invoice reflecting the specific dates, hours, rates, and narratives of the Firm's services. That information was exempt from disclosure. *See id.*

## 2. Was an Explanation for the Redaction Provided?

{¶15} "A redaction shall be deemed a denial of a request to inspect or copy the redacted information, except if federal or state law authorizes or requires a public office to make the redaction." Former R.C. 149.43(B)(1). "If a request is ultimately denied, in part or in whole, the public office or the person responsible for the requested public record shall provide the requester with an explanation, including legal authority, setting forth why the request was denied. If the initial request was provided in writing, the explanation also shall be provided to the requester in writing." R.C. 149.43(B)(3).

{¶16} The emails attached to the pleadings show that the Board sent Mr. Ames a separate email explaining the redactions. Specifically, it forwarded him an email from an attorney at the Firm. The attorney explained that she had redacted the invoice based on the pending litigation and

the Firm's understanding that the redacted columns were exempt from disclosure under *State ex rel. Pietrangelo v. Avon Lake*. Mr. Ames argues that the Board failed to comply with former R.C. 149.43(B)(3) because the statute does not contemplate an explanation for a redaction being sent at a later time or by a different person. According to Mr. Ames, the Board was required to send him a written explanation for the redaction in the same email in which it responded to his request.

{¶17} "[W]hen a statute is clear, we need only read and apply it; we do not read any additional meaning into it." *State ex rel. LeadingAge Ohio v. Ohio Dept. of Medicaid*, 2025-Ohio-3066, ¶ 26. Former R.C. 149.43(B)(3) only required "the public office or the person responsible for the requested public record [to] provide the requester with an explanation, including legal authority, setting forth why the request was denied." While the statute specified that the explanation had to be in writing in certain instances, it did not specify that the explanation and the record had to be transmitted in a single document or correspondence. This Court declines to read that additional requirement into the statute. The undisputed evidence shows that the Firm drafted an explanation for the redactions, including legal authority, and the Board provided the explanation to Mr. Ames on the same day it provided him with the invoices he requested. Mr. Ames has not shown that the Board/the Firm failed to comply with former R.C. 149.43(B)(3).

### 3. Are Statutory Damages Warranted?

{¶18} As noted, statutory damages are only available "if a court determines that the public office failed to comply with an obligation set forth in R.C. 149.43(B)." *State ex rel. Ware*, 2023-Ohio-202, at ¶ 30 (9th Dist.). Moreover, even where statutory damages are authorized, a court may decline to award them if it determines:

> (a) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with [R.C. 149.43(B)] and that was the

basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with division [R.C. 149.43(B)]; [and]

(b) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

Former R.C. 149.43(C)(2)(a), (b).

{¶19} Upon review, Mr. Ames is not entitled to statutory damages. We have already concluded that the Board/the Firm did not fail to comply with statutory obligations under former R.C. 149.43(B). Even if we were to conclude that there was a failure to comply, however, a well-informed public office reasonably could have believed that (1) the information redacted from the initial invoice was exempt from disclosure due to the pending litigation, and (2) Mr. Ames was provided with the required explanation for those redactions. Thus, we decline to award him statutory damages. *See State ex rel. Pietrangelo*, 2016-Ohio-2974, at ¶ 18.

### Court Costs & Attorney Fees

{¶20} Mr. Ames also requests court costs and attorney fees in his petition. "[A]s [Mr.] Ames is pro se, he is not eligible for an award of attorney fees." *State ex rel. Ames v. Big Walnut Loc. Sch. Dist. Bd. of Edn.*, 2025-Ohio-2493, ¶ 13. Thus, his request for attorney fees is denied.

{¶21} Under former R.C. 149.43, court costs are available in a public records case in two instances. *State ex rel. Hedenberg v. North Central Correctional Complex*, 2020-Ohio-3815, ¶ 13. "First, an award of court costs is mandatory when the court grants a writ of mandamus compelling a public office to comply with its duties under the Public Records Act." *Id.*, quoting former R.C. 149.43(C)(3)(a)(i). "Second, court costs shall be awarded when the court determines

that the public office 'acted in bad faith when [it] made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not' to grant a writ of mandamus." *Id.*, quoting former R.C. 149.43(C)(3)(a)(ii) and (iii).

{¶22} Mr. Ames only seeks an award of court costs under former R.C. 149.43(C)(3)(a)(i). "Because we are not granting [his] writ of mandamus, he is not entitled to a mandatory award of court costs under [former] R.C. 149.43(C)(3)(a)(i)." *State ex rel. Ware* at ¶ 14 (9th Dist.). Thus, his request for costs is denied.

### Conclusion

{¶23} Because the Board produced all records in its possession that are responsive to Mr. Ames' public records request, Mr. Ames is not entitled to a writ of mandamus. Further, his requests for statutory damages, costs, and attorney fees are denied. Mr. Ames' motion for judgment on the pleading is denied, and the motions filed by the Board and the Firm are granted.

{¶24} Costs of this action are taxed to Mr. Ames. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BRIAN M. AMES, Pro Se, Relator.

COLIN R. JENNINGS and AYAKO RUSSELL, Attorneys at Law, for Respondent.